## 13699. UNDERWOOD v. STATE.

The law of conspiracy can apply only to subjects capable of entertaining a criminal intent; and where, in a condemnation proceeding by the State against an automobile, under the act of March 28, 1917 (Act Ex. Sess. 1917, p. 16), it indisputably appears that the particular vehicle against which the proceeding was brought was not being used for the purpose of conveying any liquors therein, the action is not maintainable on the theory that at the time of the seizure the owner was using the automobile as a pilot for other cars which were carrying liquor, and that the defendant vehicle is thus to be held responsible for "assisting, aiding, and abetting the other cars in the transportation of intoxicating liquors."

DECIDED FEBRUARY 8, 1923.

Condemnation under liquor law; from Forsyth superior court — Judge Blair. May 13, 1922.

*Clay & Blair,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.

BELL, J. The solicitor-general of the Blue Ridge circuit, in behalf of the State, filed a suit in the superior court of Forsyth county for the condemnation of an automobile under the act of the General Assembly referred to in the headnote, on the ground that the automobile at the time of the seizure was being used for the purpose of "aiding. in the transportation of 165 gallons of intoxicating liquor over the public highways of said county; the particular thing for which this automobile was used was for the piloting of two other cars containing 165 gallons of whisky;" and alleging that J. T. Underwood, the alleged owner, "was using the property herein described, by driving the same along the public highways of said county in front of two cars containing said whisky, so as to give notice to the drivers of the two cars containing said whisky of the approach of officers or the blockade of the roads, in order to give the drivers of the two cars the privilege of escaping with their cars and said whisky." There was no demurrer. Upon the trial the court charged the jury: "If, from the evidence before you, you believe that this car . . was aiding, abetting, and assisting the other cars in the transportation or in the carrying of intoxicating liquors over a public road of your county, it would be subject to condemnation; and, as the matter is presented to you, it is a question of fact for you to determine solely whether or not this car was aiding, abetting, and assisting the other cars in the carrying of intoxicating liquors, as contended for

by the solicitor-general, or whether, on the other hand, the solicitor-general has not shown that to be the truth, by a preponderance of the evidence." The jury found in favor of the plaintiff, and a judgment of condemnation was entered. The above-quoted charge of the court is excepted to in a motion for new trial by Underwood, who, admitting ownership of the automobile in question, had intervened as a party defendant. A new trial was denied him, and he excepts to the overruling of the motion. There were other grounds of the motion for a new trial, which need not be stated in detail, inasmuch as a determination of each of them will depend upon the correctness of the charge of the court to which exception is taken.

An automobile can not be guilty of conspiracy, and in a proceeding of this sort can be held responsible only for its own acts, and only then when a sufficient intention of the owner is supplied to result in its condemnation. It can never be convicted for the criminal intention of its owner alone. The conveying of liquors by an automobile may be likened unto the commission of a crime by it, of which there must be a union or-joint operation of act and intention. The automobile can have no intention. That must be supplied by the owner or person in charge. But, no matter what may be the intention of the owner in aiding those in charge of other automobiles in the conveyance of liquor in them, the defendant automobile can not be found guilty unless there is the act of conveying liquors directly in it. To convict an automobile for aiding and assisting other automobiles in the conveyance of liquor would be to hold it amenable to the laws of conspiracy, which can apply only to agencies capable of entertaining a criminal intent. If the automobile in question had been physically attached to the others, by chain, cable, or otherwise, and thus, by its motive power, was either wholly or in part drawing the cars in which the liquor was situated, our conclusion might be different; but, suffice it to say, no such question is now presented for decision.

The court charged the substance of section 42 of the Penal Code (1910), which can have no application except to conspirators. This was error.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*