## 29627. DEMONIA *v.* THE STATE.

DECIDED OCTOBER 22, 1942.

*Mrs. Charles L. Camp,* for plaintiff in error.

*H. L. Lanham, solicitor-general,* contra.

MacINTYRE, J. The court charged the jury: "If you believe, beyond a reasonable doubt, that the defendant did, in this county, on or about the time alleged in the bill of indictment or at any time within four years prior to the return of this indictment into court by the grand jury, distill, manufacture and make alcoholic liquors, whisky, spirituous liquors, and rum, or was present at the scene of such making, distilling, or manufacturing of any alcoholic liquors, spirituous liquors, whisky and rum, then I charge you, you will be authorized to find the defendant guilty as charged." The defendant objects to this excerpt on the ground that mere presence at the scene of distilling the prohibited liquor does not authorize a conviction, and that the charge so states. The solicitor-general admits that this part of the charge would seem to intimate that the mere presence of the defendant at the scene of the making of such prohibited liquors would authorize conviction and would be error, but he contends that the excerpt had been preceded by a full explanation of the circumstances under which the defendant could be convicted. He further contends that "it is apparent that, at most, in the paragraph complained of, which was merely a summation or recapitulation of the charge as a whole, the court inadvertently omitted the words 'aiding and abetting' after the words 'was present.'" The only other part of the charge which referred concretely to the essential elements which were necessary to be proved by the State in order to convict the defendant of making the prohibited liquors was the following which had previously been given: "I charge you, gentlemen of the jury, that a person may commit a crime by himself or in connection with some other person. So you look to the evidence in this case, gentlemen of the jury, and see whether or not the defendant himself worked at the still or whether any one else did, who was working for him or employed by him, and if you should find that some one else was there working for him and employed by him I charge you the acts of one would be the acts of the other, subject to the instructions I have already given you in charge dealing with the law of accomplices."

The defendant's statement was that he had inadvertently just come up to where the still was in operation when the officers appeared; that he knew nothing about it and had no connection with it. It is true that the court defined an accomplice as "one who is present at the commission of crime, aiding and abetting in the commission thereof, or who participated therein," and charged as to the weight to be given the testimony of the accomplice; but this part of the charge was merely referring to an accomplice and giving the adjective part of the law, which was the rule, as it relates to the accomplice, by which the substantive law was to be administered, as opposed to the substantive law itself which is the part of the law the courts were established to enforce. The charge as a whole was not sufficient to convey the meaning and application of the principle that the defendant would not be guilty if he was merely present at the still; and the excerpt was not only error but was harmful and prejudicial. The judgment of the lower court must be

Reversed. *Broyles, C. J., and Gardner, J., concur.*