### 44397.  SWEAT v. THE STATE.

SUBMITTED APRIL 7, 1969—DECIDED MAY 9, 1969.

*Ballard & Thigpen, Troy R. Thigpen, Jr.,* for appellant.
*Richard Bell, District Attorney,* for appellee.

FELTON, Chief Judge.  ■  Conspiracy may be proved, though not alleged in the indictment or accusation. *Chambers v. State,* 194 Ga. 773, 784 (22 SE2d 487), and cit.  "The mere presence of one where a crime is being committed without any further evidence to show participation in it, directly or indirectly, is insufficient upon which to base a conviction. *Reese v. State,* 157 Ga. 766 (122 SE 195) ; *Pirkle v. State,* 11 Ga. App. 98 (74 SE 709)." *Jones v. State,* 64 Ga. App. 308 (13 SE2d 91) ; *Demonia v. State,* 68 Ga. App. 200 (22 SE2d 520) ; *Harris v. State,* 96 Ga. App. 395, 398 (100 SE2d 120) ; *Brown v. State,* 118 Ga. App. 617, 622 (165 SE2d 185), and cit.  In the present case,

the only evidence tending to connect the defendant with the crime of burglary with intent to commit larceny was that he was seen riding in an automobile in the company of two other men earlier in the day and that he and a co-defendant later were found in an intoxicated condition, sitting in the automobile containing stolen goods, parked 200 to 300 feet from the scene of the arrest for burglary and larceny of a second co-defendant. The defendant testified that he had been drinking liquor on and off all day and didn't even remember riding to the scene of his arrest. There was no testimony of either of the two co-defendants about a conspiracy, or about anything else. There was no evidence as to the ownership of the automobile. The evidence was insufficient to prove either that the defendant participated directly or indirectly in the commission of a felony or that he even knew that a felony was being committed. "The law of conspiracy can apply only to subjects capable of entertaining a criminal intent." *Underwood v. State,* 29 Ga. App. 479 (115 SE 919). The State failed to carry its burden of proof that the defendant was sober enough to entertain the necessary criminal intent and that he performed such acts as would connect him with the offense, rather than merely showing his unwilling or unknowing presence near the scene of the crime. The court erred in overruling the motion for a new trial on the general grounds.

■ The court erred in charging on drunkenness as no excuse for the commission of a crime because the defendant did not admit, nor did the evidence authorize the finding of, his commission of a crime. Rather, he swore that he could not remember what happened. Therefore, drunkenness as an excuse was neither pled nor involved. Enumerated error 1 (a) is meritorious.

■ The court erred in charging the jury the law of possessing stolen goods. As was indicated in Division 2, hereinabove, the defendant's mere presence, in an intoxicated condition, in an automobile of unproved ownership does not authorize the finding that he was "possessing" the stolen goods therein contained. Enumerated error 1 (b) is meritorious.

■ The court erred in charging the jury the law of conspiracy, for reasons set forth in Division 2, hereinabove. Enumerated error 1 (c) is meritorious.

The court erred in its judgment overruling the defendant's motion for a new trial.

*Judgment reversed. Pannell and Quillian, JJ., concur.*