### 46456. RICHMOND v. THE STATE.

DEEN, Judge. Appellant was convicted of involuntary manslaughter and appeals from the conviction and sentence, enumerating error on the general grounds, on the admission of certain evidence, the ruling made on motion for mistrial, and in refusing to give a certain charge to the jury. Defendant husband while having a few drinks, watching T.V. in their apartment home, during the early morning hours, pointed a gun at his wife, pulled the trigger, the bullet striking her in the head, resulting in death. Defendant contends he was playing with an unloaded gun and in a joking manner pointed it at the head of another occupant of the apartment, pulled the trigger and said "bang, bang you're dead," pointed it at his own head, pulled the trigger and said "bang, bang" and then called to his wife, pulled the trigger, and the gun went off. Testimony was offered that on previous occasions he told her he was going to kill her, that on the night in question a witness testified that he heard Mr. Richmond say "Oh, my God, I have shot her . . . we can say you just came in. . . They'll be here in a few minutes, we'd better make sure we have got our stories straight." *Held:*

1. Evidence was given as to State's Exhibits II and III that these color photographs accurately and fairly portray the wound of the woman at the time and the court did not err in overruling the objections to their admission. "Photographs when properly identified by preliminary proof, as showing an accurate representation of an object which is material to the issue, are admissible. . . To exclude the photographs on the ground that there had already been testimony as to the location of the wounds, would, in effect, preclude the State from establishing a material fact by more than one source of evidence. To exclude it on the ground that it would inflame the minds of the jury, would prevent the State from establishing facts material to the issue. A relevant and material fact is not subject to an objection that it would inflame the minds of the jurors." *Bryan v. State,* 206 Ga. 73, 74 (55 SE2d 574).

2. During cross examination of the defendant, and while holding a letter in his hand apparently from a doctor, the district attorney asked: "Q. And if he states you were evasive, tangential, and—." Defense counsel objected and moved for a mistrial based on the grounds that the reading of this material from a doctor's report is highly prejudicial, inflammatory, hearsay and to discredit defendant. The court ruled that the report could not be exhibited or gone into by this witness and overruled the motion for mistrial. Defendant's position is that the damage had already been done. The court then stated again that the doctor's statement could not be exhibited or otherwise exposed. We believe the trial judge's handling of this situation, especially in view of the fact that the district attorney had only started to get into the contents of the letter, was not error. Had the district attorney completed his question a rebuke by the judge might have been necessary. "In the refusal to declare a mistrial, the discretion of the trial court will not be disturbed, unless it is made to appear that a mistrial was necessary to preserve the right of a fair trial. *Manchester v. State,* 171 Ga. 121 (7) (155 SE 11)." *Worthy v. State,* 184 Ga. 402 (1) (191 SE 457).

3. It was not error to refuse to charge: "In order to convict defendant of the offense of murder, the State has the burden of prov-

ing that the defendant was sober enough to entertain the necessary criminal intent." Defendant relies on *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654) as to this enumerated error. However, in that case defendant did not even know that a felony was being committed, whereas here defendant admits the killing, but claims it was purely accidental.

4. Much of the evidence was in conflict but it was sufficient to authorize the verdict and judgment.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 7, 1971—DECIDED OCTOBER 1, 1971—
REHEARING DENIED OCTOBER 21, 1971—

*Richard E. Korem,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Amber W. Anderson,* for appellee.

