## 56704. LOVETT v. THE STATE.

DEEN, Presiding Judge.
Haywood Lovett was tried by a jury and convicted of three counts of violation of the Georgia Controlled Substances Act and sentenced to five years on each count

to be served in a state penitentiary, two of the sentences to be served concurrently and the third to be served consecutively to the other two.

1. There is no merit in appellant's contention that there was a fatal break in the chain of custody of the drugs, and the trial court erred in admitting three packets of heroin allegedly sold by him into evidence because the state failed to prove that the material was heroin.

An undercover officer testified that he purchased three packets of heroin from appellant, and that he kept the packets on his person until he delivered them to the investigating officer. He watched the officer tag the packets and recognized the packets at trial and identified the officer's handwriting on the tags. The investigating officer testified that he field tested the drugs and after determining the substance to be heroin, locked the packets in his evidence locker until he personally delivered them to Mike Sheppo of the State Crime Laboratory. Mr. Sheppo testified that he received the packets from the investigating officer, tested them, and found heroin. There was no fatal break in the chain of evidence because the tinfoil packets were folded differently at trial from the way they were received by the undercover officer.

In view of the uncontroverted evidence as to the chain of custody of the drugs, the fact that the undercover officer's testimony as to their color was contradictory does not mean that the evidence was not admissible. (The investigating officer and the expert witness both testified that the powder was brown and the undercover officer testified that he first believed that it was brown, but when he saw it in front of some headlights he thought it contained some blue crystals and later testified that it looked white and blue to him.) The appellant is charged in the indictment with selling "heroin" without any reference to its color. The testimony showed that the powder offered into evidence was heroin and that it was the same substance sold by the appellant to the undercover officer. Contradictory testimony is a matter for jury resolution and the jury may believe a part and not accept another part of the same witness' testimony. *Mutual Benefit Health &c. Assn. of Omaha v. Hickman,*

100 Ga. App. 348 (111 SE2d 380) (1959). The trial court did not err in admitting this evidence.

2. Appellant did not raise the issue of the delay between the offense and the arrest in the court below and may not raise it for the first time on appeal. *Jett v. State,* 136 Ga. App. 559 (222 SE2d 54) (1977).

3. Constitutional questions not properly raised in the court below may not be considered by this court on appeal. *Starr v. Central Ga. Elec. Membership Corp.,* 239 Ga. 212 (236 SE2d 349) (1977).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED OCTOBER 23, 1978.

*Brown & Paschall, Evita A. Paschall,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, William H. Lumpkin, Assistant District Attorneys,* for appellee.