## 58038. JONES v. THE STATE.

SMITH, Judge.
Appellant was indicted for possessing "a quantity of marijuana." The jury found him guilty of that charge, and the trial court sentenced him to ten years. Agreeing with appellant's contention that the court failed properly to

instruct the jury, we reverse the judgment as to sentence, with the direction that a new trial be had on that issue. With respect to the conviction of possession, however, the judgment is affirmed.

Appellant denied he possessed any amount of marijuana. The state's evidence showed that a police search of his person, his car, and his residence uncovered 33 grams (or, 1.18 ounces) of marijuana. The bulk of the marijuana, 30.8 grams (or, 1.1 ounces), was found in the vent of a window air conditioner in his kitchen. Appellant testified he did not know how the marijuana in the vent had gotten there. He also testified that someone had broken into his residence about three weeks prior to his arrest and that he had reported that break-in to the police. There was also evidence that many "friends or acquaintances" had frequented appellant's home and that they had had access to the kitchen.

The jury was not instructed that, to warrant appellant's punishment as for a felony, they must find him to have been in possession of greater than an ounce of marijuana. See Code §§ 79A-811 (j) and 79A-9917. Nowhere in the charge did the court state the amount possessed made any difference. "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42-43 (172 SE2d 480) (1970). The evidence was in dispute as to the amount of marijuana appellant possessed, and, without a factual finding as to the amount, felony punishment was not authorized. *Abbott v. State,* 130 Ga. App. 891 (205 SE2d 14) (1974); *Gill v. State,* 141 Ga. App. 823 (234 SE2d 665) (1977). Compare *Coffey v. State,* 141 Ga. App. 254 (233 SE2d 243) (1977). Therefore, as to the conviction, the judgment is affirmed; as to the sentence, the judgment is reversed with the direction that a new trial be held.

*Judgment affirmed in part; reversed in part, with direction. Quillian, P. J., and Birdsong, J., concur.*

Submitted June 12, 1979 — Decided October 1, 1979.

*Walter H. Burt, III,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.