### 62733. HOWARD v. THE STATE.

DEEN, Presiding Judge.

Charles J. Howard appeals from his conviction of two counts of theft by taking a motor vehicle and one count of arson in the second degree contending that the trial court erred in allowing the state to introduce involuntary pre-trial statements in rebuttal for impeachment purposes. *Held:*

During the *Jackson v. Denno* hearing, the court determined that, certain custodial statements were "less than voluntary" and the state did not attempt to introduce these statements during its case in chief. After the defendant presented his evidence, however, the state attempted to introduce the statements to impeach his testimony. Defense counsel stated: "I believe we've had *Jackson v. Denno* on this and you've taken care of this particular statement." The court ruled: "If that's what you're getting into, I've ruled that out." The district attorney replied: "Your honor, this is rebuttal. It's not offered in the state's case in chief. Under Harris v. New York, it's admissible." The court then allowed the statement to be used for impeachment purposes and instructed the jury that prior inconsistent statements

made by the defendant may be used for impeachment purposes when he takes the stand and swears to facts contrary to prior statements.

The state contends that the defendant failed to make a timely objection because the defendant did not make a specific objection and point out in detail why the evidence offered is subject to the objection made. We must disagree. The defendant was clearly objecting to the introduction into evidence of these statements and the trial court considered it as a valid objection and held that the statements could not be introduced. It was only after the district attorney pointed out the holding in Harris v. New York that the evidence was admitted.

These statements, however, were not admissible under Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971), as that case was concerned with the admissibility of statements for impeachment purposes which could not be admitted in the case in chief because they were barred by Miranda. There was no claim that the statements made were coerced or involuntary. In the present case, we are dealing with voluntariness, and involuntary statements cannot be used for any purpose against the defendant. Mincey v. Arizona, 437 U. S. 385 (98 SC 2408, 57 LE2d 290) (1978).

Accordingly, this case must be reversed and remanded for a new trial.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 24, 1981.

*Kenneth J. Vanderhoff, Jr., Lynwood D. Jordan, Jr.,* for appellant.

*Rafe Banks III, District Attorney,* for appellee.