## 65485. MANBECK v. THE STATE.

DEEN, Presiding Judge.

James J. Manbeck was convicted of violating the Georgia Controlled Substances Act (possession of more than an ounce of marijuana and possession of cocaine).

1. The trial court did not err in failing to give appellant's requested charge on mere presence. The court charged on criminal intent and that appellant had to knowingly possess the marijuana. Appellant testified that he had been the sole occupant of the farm house for at least two and one-half months prior to his arrest and had been in exclusive possession and control of the premises. No one else was present when he was arrested and containers of marijuana were found in the kitchen in a peanut can located in a cabinet above the stove, inside a covered coffee can which was in the meat freezer in a storage room off the kitchen, and in twenty-five plastic bag containers inside a large garbage bag in the attic. Traces were also found inside the bags of two vacuum cleaners and on one vacuum cleaner, in an ashtray on the fireplace mantle, on the floor around a pool table, in the barn area, under the breakfast table and directly under a window seat. Residue was found in the bedroom dressing area, in a closet, in the bathroom and in two tobacco pipes found in the pantry. Cocaine was discovered in a cup suspended above a stereo cabinet. The recovered marijuana weighed eighteen pounds.

The only evidence of the presence of other individuals on the farm was the uncorroborated testimony of appellant. " 'The mere presence of one where a crime is being committed without any further evidence to show participation in it, directly or indirectly, is insufficient upon which to base a conviction. [Cits.]' " *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654) (1969). In the instant case, there was ample evidence to show appellant's participation in the crime. He had complete control of the house and marijuana traces were found throughout the living quarters occupied by him.

2. The trial court was not required to give appellant's requested charge on misdemeanor possession of marijuana. Appellant contends that the jury could have found that only one of the small bags of marijuana was in his possession or that only the traces and residue

found throughout the house were possessed by him. Such a conclusion would not have been warranted by the evidence as appellant was the sole occupant of the house and the twenty-five small bags of marijuana were found together in one large garbage bag. It is not error to refuse to give a requested charge on a lesser included offense if the evidence does not warrant such a charge. *Ewald v. State,* 156 Ga. App. 68 (274 SE2d 31) (1980); *Johnson v. State,* 235 Ga. 486 (220 SE2d 448) (1975).

3. Manbeck claims his conviction was improper since marijuana was found inside the house and on premises to which others had equal access. By his own testimony, appellant was the only person to live on and have exclusive control of the farm for at least two and one-half months. The only evidence of the presence of others was his uncorroborated testimony that his brother and two others had visited occasionally. If contraband is not in an open, notorious and equally accessible area, the equal access rule does not apply. This rule is not invoked as to persons who visit the defendant's residence prior to the search unless they are shown to have been on the premises either previously or frequently so as to have equal access with the defendant. *Allen v. State,* 158 Ga. App. 691 (282 SE2d 126) (1981). There was no evidence that others had equal access to all the areas where the marijuana was found, especially the attic, the freezer, etc.

4. The trial court did not err in denying appellant's motion for a mistrial because his character was placed in issue by the state. On direct examination he denied he had ever used cocaine or that his body bore needle marks from such use, and he claimed that the marijuana kit and pipes found in the house belonged to his brother Bob, who owned the premises. On cross-examination the state asked him if he was aware of his brother's involvement in drug dealing and that he was a fugitive from South Carolina. Appellant's statements on direct examination placed his character in issue and the state's cross-examination was not error. *Murray v. State,* 157 Ga. App. 596 (278 SE2d 2) (1981); *Brown v. State,* 237 Ga. 467 (228 SE2d 853) (1976). Appellant's reliance on *Aldridge v. State,* 125 Ga. App. 691 (188 SE2d 835) (1972) is misplaced. In that case, the defendant had not placed his character in issue and the court held that the state's questions as to knowledge of certain burglaries placed his character in issue as one who consorted with thieves and criminals. In the present case, after the court denied the motion for a mistrial, it sustained objections to this line of questioning and the appellant did not renew his motion or request any curative instructions. We find no error.

5. The trial court properly admitted a prior inconsistent

statement upon cross-examination of Manbeck. On direct, the court did not permit a GBI agent to testify about statements made by appellant because the conversation took place after appellant said he did not wish to waive his Miranda rights. He testified on direct that he moved to Paulding County in September 1980, that he had not been in certain portions of the house in which he was living and had not handled certain drug paraphernalia prior to his arrest in December 1980. On cross-examination, he was asked if he had told the GBI agent he had moved to Paulding County in August and he replied that he had. As appellant failed to object to this question, thereby raising the issue in the court below, there is nothing for this court to consider on appeal. *Lovett v. State,* 147 Ga. App. 699 (250 SE2d 32) (1978). Assuming arguendo that the issue had been properly raised, we find that Miranda-barred statements may be used on cross-examination for impeachment purposes. Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971). See also *Howard v. State,* 160 Ga. App. 487 (287 SE2d 392) (1981).

*Judgment affirmed. Shulman, C. J., Quillian, P. J., McMurray, P. J., Banke, Birdsong and Sognier, JJ., concur. Carley and Pope, JJ., dissent.*

DECIDED FEBRUARY 10, 1983 —
REHEARING DENIED MARCH 4, 1983 —

*Mark J. Kadish, Rhonda A. Brofman,* for appellant.
*William A. Foster III, District Attorney, Jeffrey Ballew, Assistant District Attorney,* for appellee.

CARLEY, Judge, dissenting.

Because I believe that the trial court committed reversible error in refusing appellant's requested charge on misdemeanor possession of marijuana, I must respectfully dissent from the holding in Division 2 of the majority opinion. Pursuant to the ruling in *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), "it is now discretionary for the court on its own volition to charge on a lesser crime of that included in the indictment. But if there is a written request to charge on lesser included crimes in the indictment, and if the evidence warrants such requested charge or charges, it is error for the court to fail to so charge as requested." *Malone v. State,* 142 Ga. App. 47 (234 SE2d 844) (1977). The majority correctly states that no such charge is required, even if requested, if there is no evidence to warrant such a charge. However, I disagree with the majority's conclusion that, in this case, there was no evidence to support a charge as to possession of less than an ounce of marijuana. The majority seems to focus only upon the

fact that "the twenty-five small bags of marijuana were found together in one large garbage bag." If the only evidence of marijuana possession by the appellant were the evidence concerning the twenty-five small bags of marijuana, I would agree with the majority because it would not be plausible for a jury to find that the appellant possessed one but not all of the twenty-five bags found in the same larger garbage bag. However, the majority has overlooked other evidence submitted by the state as to possession of marijuana. As pointed out in Division 1 of the majority opinion, "traces were also found inside the bags of two vacuum cleaners and on one vacuum cleaner, in an ashtray on the fireplace mantle, on the floor around a pool table, in the barn area, under the breakfast table and directly under a window seat. Residue was found in the bedroom dressing area, in a closet, in the bathroom and in two tobacco pipes found in the pantry." (Majority opinion, p. 625.) As the majority has acknowledged in Division 1, the trial court correctly "charged on criminal intent and that appellant had to knowingly possess the marijuana." Although appellant denied knowledge of or possession of any controlled substance, the jury could have believed appellant as to the larger quantities, but simply been unable to accept his denial of knowledge of and possession of some of the smaller quantities such as, for example, that found in the tobacco pipes. I believe that there was sufficient evidence to support a charge on the lesser included offense of misdemeanor possession of marijuana and that the failure of the trial court to give the written request constitutes reversible error requiring a new trial. *Jones v. State,* 151 Ga. App. 560 (260 SE2d 555) (1979).

I am authorized to state that Judge Pope joins in this dissent.