## 69611. LITTLE v. THE STATE.
(326 SE2d 859)

BIRDSONG, Presiding Judge.

Jerry Little was convicted of four counts of violation of the Georgia Controlled Substances Act: possessing cocaine with intent to distribute; possessing marijuana with intent to distribute; possessing methadone; and possessing diazepam. He enumerates two errors on appeal. *Held*:

1. Appellant contends the trial court erred in denying his motion for directed verdict of acquittal based on equal access to the premises. Appellant correctly posits that " '[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' " *Jones v. State,* 151 Ga. App. 560, 561 (260 SE2d 555); *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480). However, the evidence in this case did not show mere equal access.

The premises in this case was a house used as a "dope house" and "shot house," where drugs and alcoholic beverages were sold. Appellant was apprehended coming out of a small locked closet-cum-office in which were found cocaine, marijuana, methadone, diazepam, a cutting board, a triple beam scale, a pistol, and a large amount of cash. Appellant claimed the cash as his own. After his arrest, appellant gave to the bonding agent the address of the premises as his own. Two letters dated from one to three months before the arrest which were addressed to appellant at the premises were found in the bedroom, along with men's clothing. A state's witness testified the appellant sold drugs, operated the dope house and lived on the premises and employed the witness as bartender. A co-defendant testified that every time she went to the premises appellant was there. "The totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to the drugs. [Cits.]" *Teems v. State,* 161 Ga. App. 339, 340 (287 SE2d 774). See *Pamplin v. State,* 164 Ga. App. 610 (298 SE2d 622).

2. Appellant contends the trial court erred in denying his motion to suppress the search warrant for staleness. The affidavit recited that information as to the crime was received March 19, 1982, and the premises were surveilled April 1 and 2; the warrant was issued and executed April 2. In *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447), we held that "it should appear from the facts that the occur-

rence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." The search warrant here does not fail in that regard. The detective explained that his first information received on March 19 was in fact updated and confirmed by his own surveillance on April 1 and 2 when the warrant was issued; this certainly created "a reasonable belief that the conditions described in the affidavit still prevailed at the time of the issuance of the warrant." The warrant was not issued upon stale information, as a matter of law.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED FEBRUARY 22, 1985.

*Kenneth D. Feldman*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.