## 72743. CARTER v. THE STATE.

(348 SE2d 715)

CARLEY, Judge.

Appellant was tried before a jury on a three-count indictment. Count One alleged a violation of the Georgia Controlled Substances Act, to wit: Control and possession of methylphenidate. Count Two alleged appellant's possession of an article with an altered identification mark. Count Three alleged appellant's possession of marijuana. The jury returned guilty verdicts on all three counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds. The evidence adduced at trial was not without conflict. Under the evidence produced by and on behalf of appellant, he was guilty of no criminal violations but merely the innocent victim of circumstances. Under the evidence produced by the State, appellant was in possession and control of the three items of contraband forming the basis of the allegations of the indictment, which items were found in appellant's bedroom in a residence that he admittedly occupied. The jury obviously believed the evidence produced by the State rather than that produced by appellant. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Little v. State*, 173 Ga. App. 512 (1) (326 SE2d 859) (1985); *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985); *Gunn v. State*, 163 Ga. App. 906 (296 SE2d 221) (1982).

2. Appellant enumerates as error the sentence imposed for the possession of methylphenidate. The specific contention is that the sentence is unconstitutionally ex post facto because methylphenidate was "not a [S]chedule [T]wo drug at the time of the arrest. [It] became a [S]chedule [T]wo drug between the time of the arrest and the trial. . . ."

In appellant's arrest warrant, the date given for the drug violation is on or about July 25, 1985. Methylphenidate is a Schedule II controlled substance. See OCGA § 16-13-26 (3) (D). It has been a Schedule II controlled substance since 1974. See Ga. L. 1974, pp. 221, 238. Accordingly, the contention that appellant has been sentenced for an ex post facto crime has no merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*H. Haywood Turner III*, for appellant.

William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney, for appellee.