## 74633. ANDERSON v. THE STATE.
(358 SE2d 888)

BANKE, Presiding Judge.

Anderson appeals his convictions of rape and burglary. *Held*:

1. The trial court did not err in denying the appellant's motion for a directed verdict of acquittal. The victim testified that on the night in question she had awakened in her bedroom to find a man on top of her, choking her and having sexual intercourse with her. The bed was positioned next to a window, through which a street light provided sufficient illumination to enable her to identify her assailant as being the appellant, whom she had known since childhood. She stated that the appellant had not removed his clothing during the attack and that, in attempting to defend herself, she bit the sleeve of his jacket. An investigating officer testified that he observed what appeared to be teeth marks and saliva on the appellant's jacket later that evening after he was taken into custody. Although the appellant denied committing the offenses, the evidence as a whole was amply sufficient to enable a rational trier of fact to find him guilty of rape and burglary beyond a reasonable doubt. See generally *Howard v. State*, 165 Ga. App. 555 (301 SE2d 910) (1983).

2. The appellant submits that the trial court erroneously admitted evidence of certain statements made by him while in police custody. After the appellant was taken into custody, advised of the charges against him, and provided with the *Miranda* warnings, he volunteered the information that at the time the offenses occurred he had been at a certain bar, and he supplied the names of two witnesses who purportedly could verify this. Thereafter, he declined to give a written statement. The trial court did not err in determining at the conclusion of the *Jackson v. Denno* hearing that the appellant had made the alibi statement knowingly and voluntarily, notwithstanding his subsequent refusal to give a written statement. Moreover, the appellant reaffirmed the substance of the statement through his own testimony at trial.

3. The investigating officer was allowed to testify, over a hearsay objection, that certain scientific tests performed by the State Crime Laboratory had resulted in negative findings. It is axiomatic that " '[h]arm as well as error must be shown to authorize a reversal by this court.' [Cit.]" *Durham v. State*, 179 Ga. App. 636, 637 (347 SE2d 293) (1986). We cannot perceive how the testimony in question could possibly have been harmful to the appellant.

4. Finally, the appellant submits that the trial court erred in admitting certain testimony regarding his post-arrest refusal to give a written statement. The following testimony was elicited from the investigating officer on direct examination by the state: "Q. Did [the appellant] ask any questions at all about his rights? A. No, sir. Q. Did you ask him to give a statement? A. I asked him would he like to give a statement. Q. What did he say to you? A. He said he didn't want to give a written statement. . . . Q. Did he say anything else to you?" At this point, a bench conference was held, and appellant's counsel interposed the objection that such questioning denied his client due process of law in that it constituted an impermissible comment on the exercise of his right to remain silent. No motion to strike the previous testimony or for a mistrial was made, nor were any curative instructions requested. The direct examination then proceeded without further objection, with the state eliciting testimony that although the appellant had refused to give a written statement, he had previously volunteered an alibi and had offered to provide the names of two corroborating witnesses in support thereof.

The questioning concerning the appellant's oral claim to an alibi defense obviously did not implicate his right to remain silent. Assuming, without deciding, that the testimony elicited prior to the objection did implicate his Fifth Amendment rights, we hold that his failure to request any corrective action by the court in response to the testimony precludes consideration of the issue on appeal. See generally *Clark v. State*, 149 Ga. App. 641, 645 (255 SE2d 110) (1979).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JUNE 16, 1987.

*Floyd W. Keeble, Jr.*, for appellant.
*Lindsay A. Tise, District Attorney*, for appellee.