### A00A1804. FLORENCE v. THE STATE.
(539 SE2d 901)

BARNES, Judge.

Patrick Florence appeals pro se his convictions for cocaine possession and driving without a license. For the reasons that follow, we affirm.

Construed to support the verdict, the evidence showed that a Mitchell County deputy sheriff saw the car in front of him weave several times across the centerline and right-hand line of the road. He turned on his blue lights and activated a videocamera, and the car pulled off the highway. When Florence got out of the car, he was unsteady and slurring his speech. After fumbling through a small notebook, he told the deputy sheriff he did not have his Maryland driver's license with him. Florence failed two out of three field sobriety tests. The officer gave his dispatcher Florence's name and date of birth, and information from Maryland indicated that the license was not valid. Based on his driving and the field sobriety tests, the deputy sheriff arrested him for driving without a license and driving under the influence of alcohol or drugs and then asked permission to search his car for money or cocaine. Florence consented, and the deputy sheriff found two rocks of what a field test revealed to be crack cocaine in the driver's door pocket and another two rocks on the floorboard. Later forensic testing confirmed that the substance found was cocaine. The State played a videotape to the jury, which showed the stop, arrest, and search from the time the deputy sheriff turned on his blue lights.

1. Florence argues that the trial court erred in denying his motion to suppress evidence of the cocaine, contending first that he was unlawfully stopped. He asserts that he was not weaving, and

thus the deputy sheriff had no probable cause to stop him.

In reviewing a motion to suppress,

> [t]he evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations omitted.) *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

At the hearing on the motion to suppress, the deputy sheriff testified that he stopped Florence after he saw him weave several times across the centerline and the right-hand line of the road. Florence did not testify at the hearing or at trial.

The deputy sheriff was authorized to stop Florence's car if Florence committed a traffic offense in his presence. *O'Keefe v. State*, 189 Ga. App. 519, 522 (1) (376 SE2d 406) (1988). "The evidence was sufficient for a rational trier of fact to find that the appellant committed the offense of improper lane usage beyond a reasonable doubt." Id. Therefore, the trial court did not err in denying Florence's motion to suppress for lack of probable cause to stop him.

2. Florence next contends that his consent to search his car was not voluntary because he was under arrest when he gave it. Since Florence was lawfully arrested for driving under the influence, whether he consented to the search has no legal significance. Here, the officer

> did not exceed the permissible scope of a search incident to arrest under the Fourth Amendment, the Georgia Constitution or OCGA § 17-5-1. To this extent, we must recognize the broad scope of authority granted to police officers in conducting searches of automobiles pursuant to the search incident to arrest exception. In this situation, the authority to search extends to the entire passenger compartment of the automobile.

(Citations and punctuation omitted.) *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999); *Grabowski v. State*, 234 Ga. App. 222, 225 (4) (507 SE2d 472) (1998). The trial court did not err in denying Florence's motion to suppress evidence of the cocaine found in his car.

3. Florence asserts that the videotape of his arrest was altered. However, the arresting officer testified that no changes, deletions, or additions had been made to the videotape, and Florence did not

object at trial when the State moved to admit the videotape into evidence or after the tape was shown to the jury. "As appellant failed to object to this question, thereby raising the issue in the court below, there is nothing for this court to consider on appeal." *Manbeck v. State*, 165 Ga. App. 625, 627 (5) (302 SE2d 361) (1983).

4. Florence contends that the cover pages of his trial and hearing transcripts were altered because the charges differed. The cover page of the transcript of the motion to suppress hearing and a status conference showed that Florence was charged with cocaine possession, DUI, and driving with a suspended or revoked license. However, Florence was properly accused of and tried for cocaine possession and driving without a license. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this court. We cannot perceive how the [documents] in question could possibly have been harmful to the appellant." (Citation and punctuation omitted.) *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888) (1987). We find no error.

5. Florence also contends that various statements made at trial were incorrect, such as the trial court's indication that his former counsel would sit at the counsel table with him to assist with questions of law should the need arise. Again, Florence has not shown that any misstatement, if there were any, caused harm, and therefore we find no error. *Anderson v. State*, supra, 183 Ga. App. 313 (3).

6. Florence argues that the State's opening was unconstitutional because it referred to Florence's wife's occupation. The record shows that the State asked during voir dire whether any of the potential jurors knew the defendant's relatives, noting that his wife, Eloise Florence, taught at Bainbridge High School. However, Florence's failure to object to the question leaves us nothing to consider on appeal. *Manbeck v. State*, supra, 165 Ga. App. at 627 (5).

7. Florence claims he was unconstitutionally held without bond, but the record shows he was given a $15,000 bond. This enumeration of error is without merit.

8. Florence claims his former counsel was ineffective because in one paragraph of his motion to suppress he erroneously indicated that Florence was a passenger rather than the sole occupant and driver of the car. We cannot consider this portion of Florence's claim, however, because he did not raise it below in a motion for new trial. See *Seese v. State*, 235 Ga. App. 181, 183-184 (3) (509 SE2d 94) (1998) (failure to raise ineffective assistance of counsel claim at earliest opportunity results in a waiver of that claim).

Even if Florence had properly raised this issue before the trial court, the record does not show ineffective assistance of counsel. While previous counsel's written motion to suppress does refer in one paragraph to Florence as a passenger, the preceding paragraph ref-

ers to him as operating the vehicle. Furthermore, counsel argued during the suppression hearing that Florence was operating the vehicle. And in its order denying the motion to suppress, the trial court found that Florence was driving. Therefore, Florence has shown no harm in his previous trial counsel's misstatement.

9. Florence alleges he was not allowed access to legal materials to prepare for trial, but has failed to show either that he raised the issue at the trial level or that he suffered resulting harm. We find no error. *Anderson v. State*, supra, 183 Ga. App. 313.

10. Finally, Florence asserts that insufficient evidence supports his conviction for driving with no license. OCGA § 40-5-20 (a) provides that "[n]o person . . . shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license. . . ." When arrested, Florence did not produce a valid driver's license, and the officer testified that his dispatcher received information indicating that Florence's Maryland driver's license was not valid. "Appellant's failure to produce the license upon demand gave rise to a rebuttable, reasonable inference that he did not have a valid license." *Duckworth v. State*, 223 Ga. App. 250, 255 (4) (477 SE2d 336) (1996); *Gibson v. State*, 187 Ga. App. 769, 771 (4) (371 SE2d 413) (1988). We conclude that the evidence was sufficient for a rational trier of fact to find Florence guilty beyond a reasonable doubt of driving without a valid license. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 24, 2000.

Patrick Florence, *pro se*.
*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.