19793. FOSTER *v.* THE STATE.

602

ARGUED SEPTEMBER 9, 1957—DECIDED OCTOBER 11, 1957— REHEARING DENIED NOVEMBER 8, 1957.

*James Horace Wood, Floyd G. Hoard, James Barrow,* for plaintiff in error.

*Alfred Quillian, Solicitor-General, Henry W. Davis, Davis & & Davidson, Eugene Cook, Attorney-General, Rubye G. Jackson, Thos. O. Davis, Hope D. Stark,* contra.

ALMAND, Justice. Under an indictment charging him with murder, James Fulton Foster was found guilty without a recommendation of mercy and was sentenced to death by electrocution. His motion for a new trial upon the general and special grounds having been overruled, he assigns error on the denial of his motion for a new trial.

■ On the call of the case for trial, counsel for the defendant, serving under appointment by the court, filed a written motion to continue the case, on the ground that "they have not had sufficient time to properly prepare petitioner's defense to the above-stated case because of the large geographical area they must cover in investigating and preparing the case and the large number of material witnesses to be interviewed by petitioner's attorneys." On the hearing of this motion, defendant's counsel testified in substance that the defendant was indicted on August 7, 1956, and that they were appointed to represent him on the afternoon of that day; that they immediately conferred with the defendant and thereafter, until the following Monday, August 13, when the case was called for trial, they had devoted practically the whole of their time in preparing the case for trial; that they had made 6 or 8 trips to Gainesville, where the defendant was incarcerated, and had interviewed many witnesses; but that there were some other material elements which they had not had time to investigate in Atlanta· and in South Carolina. (The court was not advised as to what these "material elements" were or what results were expected from this investigation, nor were the names of any absent witnesses given

to the court.) In substance, their testimony was that, in their opinion, they had not had sufficient time in which to prepare the case for trial.

All applications for continuance are addressed to the sound discretion of the court and shall be granted or refused as the ends of justice may require. Code § 81-1419. There is no fixed rule as to the number of days that should, of right, be allowed counsel for a defendant after his employment or appointment in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. "Questions of this nature must of necessity be entrusted to the discretion of the trial judge." *Smith* v. *State*, 198 *Ga.* 849, 852 (33 S. E. 2d 338). The record in this case shows that the defendant's sole defense was a plea of alibi, and that the several persons with whom he claimed to have been at the moment the deceased was shot and killed were all present at the trial, and all testified to having been with the defendant at a point some 7 or 8 miles distant from the scene of the murder at the time it occurred. The record shows diligent and thorough preparation on the part of counsel in support of the plea of alibi. We cannot say, under the facts and circumstances appearing in the record of this case, that the trial judge abused his discretion in refusing a continuance.

■ Special ground two of the amended motion asserts that, while the defendant's counsel was cross-examining Hoyt Jackson, a witness for the State, the court on objection by counsel for the State, refused to permit the witness to answer the following question propounded by the defendant's counsel: "Do you remember making this statement, 'They've got the right man,' to me last night or rather early this morning at four o'clock?" It is asserted that this ruling abridged the right of a thorough and sifting cross-examination, and that the witness, if allowed to answer the question, would have answered in the affirmative, and that this testimony was relevant as bearing upon the state of the witness's feeling of bias and prejudice against the de-

fendant. There was no error in this ruling. The fact that the prosecuting attorney later withdrew his objection did not require that the court change its ruling.

■ Ground number three contends that the court erred in admitting certain portions of the testimony of Fred Culberson and of Mrs. Drake, wife of the deceased, as to Mrs. Drake's identification of the defendant as the person who killed her husband. The basis of the objection was that the defendant, while under arrest, was carried to the home of the deceased and was identified by Mrs. Drake as the man who shot and killed her husband, and he was thereby compelled to give evidence against himself in violation of his rights under article I, section I, paragraph VI of the Constitution of Georgia. Both the testimony of the officer who carried him to the home of Mrs. Drake, Culberson, and the defendant's own statement disclose that he voluntarily agreed to go and did go without any objection on his part. The essential element in the provision of the bill of rights against self-incrimination (Code, Ann., § 2-106) is that no one shall be *compelled* to give evidence tending to incriminate himself. The provision is not applicable where the defendant voluntarily submits himself for the purpose of others identifying him. See *Green* v. *State*, 124 *Ga.* 343 (52 S. E. 431); *Thomas* v. *State*, 213 *Ga.* 237 (98 S. E. 2d 548).

■ The court did not err, as complained of in ground four, in refusing on its own motion to permit a witness for the State, on cross-examination, to answer why he did not "take a picture of the living room" of the Drake house; and did not err in refusing to declare a mistrial because the court requested counsel for the defendant to ask relevant questions.

■ Ground five has been abandoned. Ground six asserts that the court's charge to the jury as to the defense of alibi was confusing, misleading, and erroneous, in that the court failed to instruct the jury that alibi as a defense must be established to the reasonable satisfaction of the jury "but not beyond reasonable doubt," the contention being that failure to give in charge the quoted words placed a greater burden upon the defendant than is required by law.

The court's instruction on the defense of alibi fully and fairly covered the rules of law governing this defense. Code § 38-122;

*Harrison* v. *State,* 83 *Ga.* 129, 130 (9 S. E. 542); *Shaw* v. *State,* 102 *Ga.* 660 (29 S. E. 477). In the general charge of the trial judge on reasonable doubt, and in his charge on the law of alibi, he instructed the jury that "any evidence in the nature of an alibi should be considered by the jury in connection with all other evidence in the case. And if in so doing the jury should entertain a reasonable doubt as to the guilt of the accused they should acquit." The ruling in *Montford* v. *State,* 144 *Ga.* 582 (5) (87 S. E. 797), is not controlling here, for the reason that the court in that case refused to give a *requested* instruction, legal and pertinent, on the law of alibi, which this court held was error. There is no merit in this ground.

■ Ground seven complains that the court's charge on the right of the defendant to make a statement in his own defense was erroneous and harmful, because the jury was not informed that the law prohibited the defendant from testifying under oath, and the jury was led to believe that the defendant would have been entitled to testify under oath had he been *willing,* and that such failure led the jury to believe that there was a distinction between the *sworn evidence* in the case and the *defendant's statement.*

The court instructed the jury substantially in the. words of Code § 38-415 as to the defendant's right to make a statement in his own defense, and its failure to charge as contended by the defendant was not erroneous for any reason assigned. *Caesar* v. *State,* 127 *Ga.* 710 (4) (57 S. E. 66); *Glover* v. *State,* 137 *Ga.* 82 (4) (72 S. E. 926).

■ While there was evidence that the defendant was several miles away from the scene of the killing at the time the deceased was shot and killed, the jury had before it the testimony of Mrs. Drake, wife of the deceased, who positively and without equivocation identified the defendant as the person who shot her husband and assaulted her, and the testimony of one J. C. Dameron as to a confession made to him while the defendant and the witness were in jail, in which the defendant related in minute detail his movements on the night of the murder and stated that he went to the Drake home to rob him. The evidence fully supports the verdict.

There was no error in the denial of the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*