## 61319. NIX v. THE STATE.

BANKE, Judge.
The appellant was convicted of burglary. On appeal she enumerates as error the refusal of the trial court to grant a continuance based on her attorney's representation that he had not had sufficient time to prepare for trial. The attorney represented to the trial court that he had been appointed on "Friday." The trial was held on a Thursday. *Held:*

Assuming that the "Friday" in question was the one previous to the trial date, the trial was held six days after the appointment. The case involved the burglary of the home of an acquaintance of the appellant, and the entry was witnessed by a neighbor who was also an acquaintance. Another neighbor, also an acquaintance of the appellant, observed her exit from the home "carrying something."

The appellant's defense was alibi. She and three family members testified in her defense. *Held:*

1. "A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. 'Questions of this nature must of necessity be entrusted to the discretion of the trial judge.' [Cit.]" *Foster v. State,* 213 Ga. 601, 603 (100 SE2d 426) (1957). "A motion for continuance is addressed to the sound discretion of the trial judge and a denial will not be disturbed by this court unless it clearly appears that the judge abused his discretion." *Williams v. State,* 148 Ga. App. 55 (1) (250 SE2d 848) (1978). As in *Williams,* the case before us involved few witnesses, and the issues were not complex. As in *Foster,* supra, the record suggests no lack of preparation or diligence on the part of appellant's counsel. This enumeration of error is without merit.

2. Appellant also urges that the evidence is insufficient in that the state did not present the owner of the home to testify as to her lack of authority to enter. This enumeration of error is also without merit. The owner of the stolen property resided in the home and supplied the necessary evidence in this regard. "Here the testimony was that the residence was rightfully occupied by the victim . . . as [his] dwelling place, see *Ashton v. State,* 68 Ga. 25 (1881) . . . There is no evidence suggesting that the home entered was occupied by the defendant or otherwise was his dwelling house." *Murphy v. State,* 238 Ga. 725 (2) (234 SE2d 911) (1977).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 6, 1981.

*Edmund A. Waller,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.