## 63313. VEREEN v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for rape. *Held:*

1. The trial court's refusal to grant a continuance is enumerated as error.

The record shows the following chronology of events: October 4, 1980 — defendant arrested; October 7 — attorney K petitioned for bond; October 15 — attorney K moved for a preliminary hearing and the petition for bond denied; November 4 — attorney B petitioned for bond; December 3 — defendant bound over for trial after commitment hearing; December 16 — defendant indicted and November 4 request for bond denied; January 14, 1981 — defendant adjudged indigent and attorney M appointed as counsel; January 22 — defendant arraigned and attorney M's request to withdraw as counsel because of conflicts and communications problems with defendant and because defendant requested a change of counsel, is granted; January 23 — defendant filed pro se "Writ of Habeas Corpus, Writ Expedite"; January 28 — defendant again adjudged indigent and attorney G appointed as counsel; February 9 — attorney C filed application for bond; February 26 — trial commenced and attorney G's motion for continuance is denied.

When attorney G moved for a continuance, he stated that he had

received notice that he had been appointed on February 3 but because of a trial commitment in DeKalb County did not get involved in the case until February 9 and was involved only 14 working days, excluding Saturdays and Sundays, prior to trial. G said he did not have an ample opportunity in this period to interview witnesses.

After arguing that the trial court erred in holding that defendant's "Writ of Habeas Corpus, Writ Expedite" was a motion for speedy trial and that defendant was thus not entitled to a continuance, defendant concedes that the issue is whether attorney G had an opportunity to prepare to defend the case.

" 'A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. "Questions of this nature must of necessity be entrusted to the discretion of the trial judge." (Cit.)' [Cit.] 'A motion for continuance is addressed to the sound discretion of the trial judge and a denial will not be disturbed by this court unless it clearly appears that the judge abused his discretion.' [Cit.]" *Nix v. State,* 157 Ga. App. 406 (1), 407 (277 SE2d 768).

We have affirmed denial of continuances where appointed counsel had far less time for preparation in cases of little complexity, such as this. Compare, *Bearden v. State,* 159 Ga. App. 892 (2) (285 SE2d 606). There is also no apparent lack of preparation or diligence on the part of counsel G. See *Foster v. State,* 213 Ga. 601, 603 (100 SE2d 426); *Nix v. State,* 157 Ga. App. 406 (1), supra.

We find no abuse of discretion in denying the continuance.

2. Defendant asserts he was denied effective assistance of counsel because he was unrepresented from his arraignment on January 22, where he was told he had five days to file pretrial motions, until attorney G was appointed on January 28.

We find no merit in this assertion.

Although defendant was without counsel during the period in which pretrial motions were to be filed, he appears to have been represented by several counsel, appointed and otherwise, before and after the brief hiatus in representation. His claimed indigence cannot be asserted as the cause of his lack of representation as the trial court found he was not indigent. This appeared after trial when appointed counsel G also was allowed to withdraw after the court found that during the pendency of the trial defendant was receiving a salary of $1300 per month and had property valued in excess of $40,000.

Nothing is presented to show that defendant was harmed by a failure to file motions during this period, or what motions might have been filed. Attorney G entered the case in ample time to file pretrial

motions. However, no request was made of the trial court to exercise its discretion to permit the late filing of motions nor was any attempt made to file any motions after G entered the case.

3. Over defendant's objections two young women testified of defendant's criminal conduct toward them in 1973 and 1974 similar to evidence of his conduct toward the victim in this case.

The trial court did not err in admitting this evidence of prior similar transactions.

Generally, the state can not present evidence of other offenses committed by a defendant as it tends to place his character in issue. However, evidence of other offenses may be admitted if there is sufficient similarity or connection between them and the crime charged that the proof of the former tends to prove the latter. Such evidence is admitted for the limited purpose of showing identity, motive, plan, scheme, bent of mind and course of conduct. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321).

"In crimes involving sexual offenses, evidence of similar previous transactions is admissible 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' [Cits.]" *Warren v. State,* 95 Ga. App. 79, 80 (97 SE2d 194).

In the instant case the circumstances of defendant's conduct towards two young women at an earlier time was identical in more than a few aspects to those toward the young woman victim in the instant case and tended to corroborate her testimony. Compare, *Bissell v. State,* 157 Ga. App. 711 (7) (278 SE2d 415).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 30, 1982.

*Paul Kehir,* for appellant.
*Thomas Charron, District Attorney, James Morris, Assistant District Attorney,* for appellee.