### 69713. GARNER v. THE STATE.
(330 SE2d 750)

SOGNIER, Judge.

Appellant was convicted of burglary.

1. Appellant contends the trial court erred by failing to disqualify jurors who had discussed the case, and denying his motion for a mistrial on the same ground. The sheriff testified that after the evidence was closed he stepped outside the courtroom and three lady jurors were in the hall. One of them asked about the sheriff's wife, and one of them asked the sheriff why they did not put "the girl" on the stand. The sheriff stated he could not answer her question or discuss the case. The juror then stated she had never been on a jury before, "and that she didn't want to hurt anybody, that she sure wouldn't want to find anybody guilty if they weren't guilty and that she wouldn't want to turn anybody loose if they was guilty." The juror then stated that "I shouldn't have asked you that question." The juror did not state what girl she was referring to in her question.

Appellant argues that once it has been shown that a communica-

tion between a juror and third persons occurs, the State has the burden of rebutting a presumption of harm, and the State did not meet that burden. Based on the evidence on this issue appellant's argument is without merit, as the sheriff immediately told the juror he could not answer her question and could not discuss the case. "While the evidence indicated that the conduct of the juror was probably improper, it also showed that it was not harmful to the defendant as there was no evidence of any discussion of the facts of the case or of any attempts to influence the juror." *Hart v. State*, 157 Ga. App. 716, 717 (1) (278 SE2d 419) (1981). Motions for mistrial based on improper conduct of jurors are addressed to the sound discretion of the trial judge, id., and we find no abuse of that discretion here.

2. Appellant contends error in denial of his motion for a mistrial after the prosecuting attorney asked appellant on cross-examination whether his wife was going to testify. Appellant objected at the time of the question but did not move for a mistrial. At the conclusion of appellant's testimony the evidence was closed and the court recessed for the night. The day following the closing of the evidence appellant moved for a mistrial. "Where a motion for a mistrial is not made until the conclusion of the evidence, it '. . . (is) not timely and will be considered as having been waived because of the delay in making the motion.'" *Favors v. State*, 145 Ga. App. 864, 867 (4) (244 SE2d 902) (1978); *Jones v. State*, 160 Ga. App. 140, 141 (3) (286 SE2d 488) (1981). Hence, there was no error.

3. Appellant contends the trial court erred by not allowing a co-defendant to withdraw her plea of guilty and by refusing to reopen the case to allow the co-defendant to testify and corroborate appellant's testimony. Appellant cannot enumerate error as to another defendant in the case, as no harm to *appellant* could be caused by refusing to allow a different defendant to withdraw her plea of guilty. See generally *Hollis v. State*, 137 Ga. App. 298 (223 SE2d 491) (1976).

Nor do we find any error in the trial court's denial of appellant's motion to re-open his case. The record discloses that appellant and his common-law wife, Sheila Gwen Williams, were indicted jointly for burglary and retained the same counsel to represent them on this charge. Williams was apparently a co-defendant initially and was scheduled to be tried jointly with appellant. However, she entered a plea of guilty and was excused from appellant's trial. Although Williams was subpoenaed and present as a defense witness she was not called to testify on appellant's behalf. At a hearing on appellant's motion to re-open the evidence defense counsel stated that Williams refused to testify until 8:00 p.m. the previous evening after the evidence was closed; at that time she agreed to testify. Appellant's counsel then informed the court for the first time that he would have a conflict of interest if Williams testified, because to help appellant Wil-

liams would hurt her own defense. The trial court offered to appoint another attorney to represent Williams and they could decide whether or not Williams was willing to testify. Appellant's counsel made no response to this offer, and subsequently the motion to reopen the case to allow Williams to testify was denied.

It is well-established that the matter of reopening the evidence is within the sound discretion of the trial court. *Castell v. State*, 250 Ga. 776, 791 (9) (301 SE2d 234) (1983). Under the circumstances of this case we find no abuse of that discretion.

4. Lastly, appellant contends error by allowing the jury to decide whether or not appellant and his co-defendant, Sheila Williams Garner, were husband and wife.

Whether appellant and Sheila Garner were husband and wife was not in issue, and had no relevance as to whether appellant and Sheila Garner committed burglary. However, prior to closing argument and the charge to the jury, the trial court gave a cautionary instruction to the jury advising them to disregard a question by the prosecuting attorney to appellant as to whether or not Sheila Williams was going to testify, as such a question was improper. As part of its prefatory remarks to explain what the court was referring to, the court stated that the jury would have to determine whether or not Williams or appellant were married. The court also referred to Ms. Williams as appellant's wife, and "she cannot be compelled to testify against her *husband*, and so it is not necessary that any explanation be made as to why she does or does not take the stand." (Emphasis supplied). Subsequently, when the court gave its charge to the jury, it did not submit the marital status of appellant and Ms. Williams to the jury as an issue in the case. Even assuming, without deciding, that the court's cautionary instruction amounted to submitting the issue of appellant's marital status to the jury, his marital status was not relevant to the issue of whether appellant did or did not commit burglary. An inapplicable charge is not cause for a new trial where it is not prejudicial to the accused. *Smith v. State*, 179 Ga. 791 (4) (177 SE2d 711) (1934). Appellant testified that Sheila Garner was his common-law wife and that testimony was not disputed. Under such circumstances, we find no prejudice to appellant from the court's cautionary instruction to the jury.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1985 —
REHEARING DENIED APRIL 25, 1985.

*M. Keith York*, for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assis-*

*tant District Attorney*, for appellee.