## 44716. SHEALEY v. THE STATE.
### (360 SE2d 266)

SMITH, Justice.

The appellant, Larry Shealey, was indicted along with Eddie Robert Adams and Ray Frank Thornton for the felony murder of Tommy Evon Stroud. Mr. Stroud was shot during the armed robbery of his liquor store. Thornton pleaded guilty and was sentenced to life imprisonment. Adams testified that he also intended to plead guilty. The appellant was found guilty of felony murder with the underlying felony being armed robbery. He was sentenced to life imprisonment. We affirm.[1]

Approximately two weeks after the robbery and murder, the police were informed that someone had information relating to the crimes. Sonya Harrow and Jeffery Allison were questioned by the police and based on the information they provided, the police arrested Thornton, Adams, and the appellant.

The appellant denied any involvement in the crimes and told the officers he was at a relative's home when the crimes were committed. When his alibi was disproved, he recanted and told officers he was at the home of another relative. That alibi was also recanted when dis-

---

[1] The crimes were committed on December 18, 1984. The Muscogee County jury returned its verdict of guilty on June 19, 1986. A motion for new trial was filed on July 11, 1986, and denied on May 21, 1987. The transcript of the evidence was filed on May 28, 1987. Notice of appeal was filed on May 21, 1987. The record was docketed in this Court on June 2, 1987. The case was submitted on July 17, 1987.

proved. He subsequently gave a statement to the officers in which he stated that he, Thornton, and Adams intended to rob the store, and that he acted as a lookout. When he heard gunshots he ran away. The others caught up with him and they divided the stolen money. The appellant stated that Thornton said that he shot the victim when the victim grabbed Adam's hand. Thornton gave the police a statement when he was arrested. He indicated that he, the appellant, and Adams planned to rob the victim and that he accidentally shot the victim during the robbery.

Adams testified that he and Thornton planned the robbery, that Thornton shot the victim, but that the appellant was not involved.

Ms. Harrow testified that when the appellant saw her in the yard, he came over to try to sell her a radio and a television that he had stolen. He indicated that he was not fully aware of what he was saying as he was under the influence of cocaine. Ms. Harrow testified that the appellant said that he, Thornton, and Adams planned to rob the liquor store, but during the robbery the owner was shot.

The appellant testified that he was not involved in the crimes and that he was with his mother and other relatives at the time the crimes were committed. He admitted that he had given the police other alibis involving other relatives before he gave a statement to the police.

Family members testified that he was with them at the time the crimes were committed.

1. The appellant asserts that the evidence was not sufficient to prove him guilty of murder.

We find the evidence sufficient to satisfy the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant complains that his character was improperly introduced into evidence when Ms. Harrow was allowed to testify, over objection, that the appellant was under the influence of cocaine and that he had stolen the property he sought to sell.

The trial court in overruling the objection allowed the testimony into evidence for the limited purpose of explaining why the appellant had "engaged her . . . in conversation . . ." Ms. Harrow's testimony placed the appellant's character in issue as it showed that he had engaged in other criminal acts. We find no error, however, "because the testimony was independently relevant as it explained the circumstances leading to the [reason the appellant engaged Ms. Harrow in conversation and his admission]." *Baxter v. State*, 254 Ga. 538, 547-548 (331 SE2d 561) (1985).

3. The appellant contends that he was denied a fair trial due to prosecutorial misconduct.

Most of the objections the appellant attempts to raise on appeal

were not objected to below, thus they were waived. We do not find misconduct that would rise to the level of a reversible error, in the situations where an objection was made.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 1987.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.