## 44886. BAGGETT v. THE STATE.
(363 SE2d 257)

GREGORY, Justice.

James Michael Baggett was convicted in Chatham County Superior Court of the malice murder of Amos Hart, Jr.[1] He was sentenced to life imprisonment. We affirm.

During the early morning hours of February 17, 1981, a fight occurred between Baggett and Hart in the parking lot of the Club Gust nightclub in Savannah, Georgia. Baggett claims Hart attacked him with a pair of scissors and, in order to protect his life, Baggett hit Hart on the head with a wooden 4x4 post.

1. Baggett contends he was denied effective assistance of counsel. He claims his trial attorney erred by failing to call a witness who could have laid the foundation for a crime lab report showing that the blood found on the scissors was the same type as that of the defendant and not of the victim. He also argues trial counsel was ineffective in failing to present evidence which allegedly would have proven that the state had made a "deal" with a co-defendant in return for her testimony.

We do not believe that either of the alleged deficiencies require reversal under the standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985).

In this case the jury heard testimony from several witnesses that Baggett's thumb was severely cut during the fight and this testimony was corroborated by the presence of a scar on Baggett's thumb. There was little to cause the jury to believe the blood on the scissors was not Baggett's. Adding the evidence of blood type under these circumstances does not raise a reasonable probability that the outcome of the case would have been different with inclusion of the blood type evidence. The same must be said as to the alleged evidence of a "deal." Trial counsel in argument to the jury was permitted to demonstrate that co-defendant stood to gain by her testimony in

---

[1] Baggett was indicted on May 8, 1981. He was arrested in Hawaii in July 1982. Baggett was found guilty by a jury on March 29, 1983 and sentenced to life imprisonment. A motion for new trial was filed on April 18, 1983 and denied on November 17, 1983. A motion for out-of-time appeal was filed on April 24, 1987 and granted on June 16, 1987. Notice of appeal was filed on June 25, 1987 and the transcript was docketed in this court on July 27, 1987.

favor of the state.

2. We find a review of all the evidence adduced at trial in a light most favorable to the jury's verdict shows that a rational trier of fact could have found Baggett guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. We have reviewed defendant's other enumerations of error and find them without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 1988.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, W. David Sims*, for appellee.