A89A1680. STAMEY v. THE STATE.
(390 SE2d 409)

BIRDSONG, Judge.

Ray Harold Stamey was convicted of child molestation and aggravated sodomy, involving his eight-year-old stepdaughter. He enumerates eight alleged errors on appeal. *Held*:

1. Appellant contends, through new counsel retained after the conviction, that he was denied the effective assistance of counsel at trial. The issue was raised by amended motion for new trial, filed by appellate counsel (c.f., *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664)) and was extensively argued below.

The trial court correctly concluded appellant did not meet the standards set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) for determining this issue. See *Baggett v. State*, 257 Ga. 735 (363 SE2d 257); *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383). If there was any clear deficiency in trial counsel's duty towards appellant (and we do not concede that there was), appellant has nevertheless not shown "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies." *Baggett*, supra; *Brogdon*, supra.

(a) Appellant complains specifically of trial counsel's failure to object to a social worker's testimony as to the credibility patterns of a pre-adolescent victim of sexual abuse, and particularly to the witness' statement that based on certain expert criteria, she believed the child

was telling the truth. (The admissibility of this evidence is also made the subject of enumeration of error no. 2.) The witness' statement was offensive to our ruling in *State v. Oliver*, 188 Ga. App. 47 (372 SE2d 256) and to *Smith v. State*, 259 Ga. 135 (2) (377 SE2d 158); nevertheless, it was not a significant addition to her main testimony, so as to displace the jury's minds on the issue and usurp their authority. The witness' main testimony emphasized the inability of an untruthful pre-adolescent to maintain a consistent version of events told to various persons. Having given these criteria to exhaustion, she then stated that pursuant thereto, she believed the child was telling the truth. ·

Based upon the witness' other testimony, the jury could accept or reject her opinion on this matter. If she had stated no standards or criteria for the jury to apply and attempted merely to substitute her opinion for what the jury had no means to measure, and if she had given the jury no means to measure her own opinion, it might be said she "usurped" the jury's power. But she exhaustively explained the basis for determining the child's credibility, and the jury was thus well armed to decide it for themselves. Under these circumstances, her own opinion was not "usurping," but superfluous. The witness gave the jury the foundation upon which to reject her own opinion. As for trial counsel's failure to object to any illegal testimony, it appears counsel determined instead to cross-examine her on the matter.

In view of the witness' other testimony, from which the jury was well able to make its own determination as to the child's credibility, it cannot be said to raise a reasonable probability that but for such error, the verdict would have been different. *Baggett*, supra; *Brogdon*, supra. This is particularly so in view of the fact that the record shows the child's statements were reasonably consistent, thus supporting the verdict found by the jury with or without this social worker's opinion.

(b) The trial court did not err in ruling in effect that trial counsel's failure to make any independent investigation of the facts, was not a clear deficiency but for which in reasonable probability the verdict would have been different. *Strickland*, supra; *Baggett*, supra. Appellant has failed to show any additional clearly exonerating fact or evidence trial counsel would have discovered if he had performed a full independent investigation. It is therefore impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. *Baggett*, supra.

(c) Trial counsel's decision not to call as a defense witness the child's mother, on grounds she might have contradicted some of the child's testimony that she had told the mother of the molestation incidents, cannot be said to be a deficiency in professional performance, nor in any case is there a reasonable probability that if the mother had been called to testify, the verdict of guilty would not have been

found. *Brogdon*, supra. The record shows that at other proceedings the mother had shown herself to be hostile toward appellant, and had petitioned to divorce him. She had indicated she was resentful and was intimidated by his repeated returns for six months to her home to get his possessions, which her divorce lawyer (appellant's first counsel) told her he had the right to do, until she had changed the locks, whereupon he had returned and cut her telephone wires.

Her testimony in other proceedings showed she was sympathetic towards the child's fear of appellant, and removed the child from the home as long as she thought appellant might return to the house. Although she testified at the hearing on motion for new trial that the child did not tell her Stamey had molested her until after he had been arrested, it cannot possibly be said with any assurance that even if the jury had given credence to the mother on this point, the mother would have otherwise testified favorably to appellant, and that counsel was deficient in failing to call her to contradict her child's testimony. Her testimony at the motion for new trial hearing was set resolutely against Stamey, in general. It cannot be said she would have done appellant more good rather than less, and therefore certainly it cannot be said that even if she had testified favorably to his defense (i.e., by allowing an attack of the child's credibility on the debated point of whether she told her mother) this would have created "a reasonable probability" the defendant would have been found not guilty. *Strickland v. Washington*, supra; *Baggett*, supra.

2. Appellant contends the trial court erred in admitting in evidence copies of sexually oriented magazines ("Forum" and "Gallery") on grounds they placed his character in issue, in violation of OCGA § 24-9-20 (b), and were not relevant to this case.

Appellant argues the magazines were old (dating from 1981 and before) and were found stored in appellant's basement; that there is no evidence he had ever shown them to the victim or used them to further his crimes against her; and that moreover they contained no sexual material relating to children or pre-adolescents, so that in fact the material does not tend to prove identity, malice, intent, motive, plan, scheme, course of conduct or bent of mind towards the particular acts and crimes charged against him in this case. See *Millwood v. State*, 164 Ga. App. 699 (296 SE2d 239).

The evidence objected to was clearly admissible, not merely to show the intent to commit the crimes charged here, but to show his motive generally and his state of mind and lustful disposition. See *Felker v. State*, 144 Ga. App. 458, 459 (2) (241 SE2d 576). "Possession of such . . . item[s] does have a tendency to show bent of mind toward sexual conduct. [Cits.]" *Grant v. State*, 160 Ga. App. 837, 839 (287 SE2d 681) (see *Vereen v. State*, 162 Ga. App. 1 (289 SE2d 766)), particularly where the evidence shows he was in possession of the ma-

terial when these crimes were committed. Id. p. 839; see *Wilcoxen v. State*, 162 Ga. App. 800 (1) (292 SE2d 905). It would be illogical to say that such sexually depictive and explicit material has no relevance to the lustful disposition of the defendant in these kinds of cases, or that they say nothing about his state of mind, as to inclination towards and preoccupation with such matters. If there is any question about it, " '[i]t is . . . a well established rule of law that . . . the rules of evidence require that the evidence be admitted and its weight and effect left to the jury.' " *Brantley v. State*, 177 Ga. App. 13, 15 (338 SE2d 694).

The jury was in the position to review this particular sexually depictive material and determine if any of it tended to prove a disposition or bent of mind toward the acts charged here, whether the material involved children or adults. In fact, the State recalled at the hearing on motion for new trial that some of the magazine material did involve children. The parties' dispute on this factual point shows the futility of any attempt by the appellate court to gauge the content and relevance of this material. We will not substitute our judgment on the matter for that of the jury; but we will presume they were capable of judging its materiality. Therefore, at least as to this kind of sexually depictive evidence, it is not for us to say it was more prejudicial against the defendant's character than relevant, and that it impermissibly blackened his character while, comparatively, shedding no light upon the question of his guilt. We therefore find no merit in this enumeration.

3. Appellant contends the district attorney committed misconduct in improperly interfering with the relationship between appellant and his counsel of choice, in violation of the Sixth and Fourteenth Amendments, by making statements to appellant's father concerning appellant's first counsel, which statements caused appellant to terminate that counsel immediately before trial, and hastily retain the trial counsel. To the factual contrary, the State contends in brief that the criticized statements were made after trial and thus could not have been the cause of first counsel's termination.

The posture of these arguments and others concerning any alleged improper acts of the district attorney in setting and calling the case, call for determinations of fact; we cannot conclude the trial court erred in finding adversely to appellant unless the evidence had been undisputed in his favor and the finding is clearly erroneous. If the trial court's finding is supported by evidence, it must stand. See *Johnson v. State*, 233 Ga. 58 (209 SE2d 629); *Megar v. State*, 144 Ga. App. 564 (241 SE2d 447). And we find likewise as to any possible finding that any inappropriate conversations between the district attorney and any of appellant's family did not constitute attorney misconduct sufficient to be the cause of interference with appellant and

his first counsel. *Johnson*, supra; see *Shealey v. State*, 257 Ga. 437, 438-439 (360 SE2d 266).

4. Appellant contends the trial court erred in admitting certain of appellant's in-custody statements without first holding a *Jackson-Denno* hearing, and without limiting instructions, and erred in its charge to the jury on the admissibility of such statements.

The complaint as to the failure to conduct a *Jackson-Denno* hearing is raised for the first time on appeal; generally we do not consider such fresh issues. *Hill v. State*, 183 Ga. App. 654, 657 (4) (360 SE2d 4). But, if any error was committed in this respect, we must find it was harmless beyond a reasonable doubt under the standards stated in *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133), and see *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) and *Cauley v. State*, 130 Ga. App. 278, 286-288, 290-293 (203 SE2d 239), for no issue has been made that any of appellant's statements were coerced. " 'Harm as well as error must be shown to authorize a reversal by this court. As was held in *Brown v. City of Atlanta*, 66 Ga. 71, 76: "When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." [Cits.]' " *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53).

Appellant concedes that trial court counsel failed to request any limiting instructions upon the admission of any statements, and therefore that the jury was improperly permitted to consider appellant's statements (presented in rebuttal) as substantive evidence of guilt. This argument lacks the element of a showing of harm, even if the trial court erred in admitting any such statements without a *Jackson-Denno* hearing. *Robinson*, supra. Appellant does not contend any statement was coerced by an officer of the law. It would be a practical miscarriage of justice to reverse a conviction upon a theory which presumes that any statements made by appellant were not voluntary, when in fact they are not asserted to have been involuntary. See *Robinson*, supra.

Appellant would be in much the same position if the trial court had conducted a *Jackson-Denno* hearing and erroneously admitted the evidence at the threshold, for the jury was still at liberty to exclude it from their consideration if it was not shown to be voluntary. The trial court charged the jury fully on the necessity for a finding of voluntariness, including a warning made by officers as to the absolute right to remain silent, before any statements could be considered.

5. Appellant complains, however, of language in this charge which further advised: "If an incriminatory statement was not freely and voluntarily made, *and* where made to an officer of the law there was not the prior warning which I have described to you, it would be your

duty to disregard the same." (Emphasis supplied.)

Appellant argues that the use of the word "and" in this language instructs the jury to disregard the statements "only if both elements are . . . lacking." However, we do not find this construction to be true. The language correctly instructs the jury that if both stated elements were lacking, it must disregard the statements; but it does not imply that the statements must be disregarded *"only if"* both elements were lacking. The court's entire charge upon the matter is full and correct, and is not logically negated by the language complained of. As a matter of fact, the language complained of was not error and was not prejudicial to the defendant. See *Garner v. State*, 174 Ga. App. 628, 629 (330 SE2d 750).

Finally, and in any case, the statements that are the subject of this complaint were not such as were elicited by or made to a law enforcement officer in the course of the investigation, but were statements appellant made to his sister in the officer's presence. There was no element or evidence of coercion by law enforcement officers involved, but only a statement to another which was heard by the officer, and it was entered only in rebuttal. Under these circumstances, we do not find pertinent the objections made concerning the failure to hold a *Jackson-Denno* hearing, and voluntariness in general.

6. Appellant's complaints in enumerations 7 and 8 concerning the misquotes in the original certified record of transcript are not well taken. The trial court heard these complaints at the hearing on motion for new trial and determined that an error had been made by a stenographic court reporter in taking down the jury charge. It was the trial court's power and duty to correct such errors and to ensure the accuracy of the record generally. *Reed v. State*, 130 Ga. App. 659 (204 SE2d 335). We are without authority to find as fact in this instance that the trial court was mistaken in its recollection, or to dispute its finding of those facts which only it could determine. See *Miller v. State*, 150 Ga. App. 597 (258 SE2d 279).

*Judgment affirmed. Pope, J., concurs and also concurs specially. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

"When the right point of view is discovered, the problem is more than half solved." *Ellison v. Ga. R. Co.*, 87 Ga. 691, 706 (13 SE 809) (1891). I cannot agree altogether with the majority opinion's conclusion that the appellant's trial counsel was not ineffective, with regard to the admission of the expert's testimony about the credibility of the child victim. In *State v. Oliver*, 188 Ga. App. 47, 50 (372 SE2d 256) (1988), this court clearly held that *"[i]n no circumstance* may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. . . . Credibility of

a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury." (Emphasis supplied.) In *State v. Oliver*, essentially this entire court agreed that the prosecutor's attempt to adduce such evidence warranted a mistrial. The Supreme Court likewise has condemned such evidence. *Smith v. State*, 259 Ga. 135 (2) (377 SE2d 158) (1989).

Although it may be ardently and aggressively articulated and advanced that it is only by ignoring the application of the rulings in *Oliver* and *Smith* that the majority opinion can conclude that the trial counsel's failure to object to this evidence did not affect the result of the proceeding, in the instant case, where the evidence is overwhelming, the alleged error (if any) becomes harmless.

Copies of "Ms. Magazine," "Forum Magazine," "Gallery Magazine," the testimony about "Sexology Today," and the article, "B-6 and Your Sex Life," were all properly admitted and considered by the jury. See *Howell v. State*, 172 Ga. App. 805 (324 SE2d 754) (1988).

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED JANUARY 5, 1990 —
REHEARING DENIED JANUARY 24, 1990 —

*Edwards & Krontz, Kenneth W. Krontz, Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.

