A07A0392. LEE v. THE STATE.
(650 SE2d 320)

BARNES, Chief Judge.

Shelton Lee appeals his convictions for one count of aggravated sexual battery and two counts of sexual assault against a patient at the nursing home where he worked. He contends his trial defense counsel was so ineffective that a fair and impartial verdict was impossible and the trial court erred by denying his motion for a new trial. We disagree and affirm.

Viewed in support of the verdict, the evidence shows that a resident of a nursing home complained that the attendant who took care of her the night before had touched her improperly by putting his finger inside her. She identified Lee in court as the person who sexually assaulted her.

The State introduced evidence of two similar transactions involving Lee. The resident of another nursing home identified Lee in court as the man who had sexually assaulted her by putting his fingers in her vagina while giving her a shower. Still another resident

of a nursing home identified Lee in court as the man who had sexual relations with her against her will on numerous occasions.

Lee alleges that his defense counsel was not effective within the meaning of *Strickland v. Washington,* 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984), because he failed to call Lee's wife, who was assigned to work with Lee on the night of the assaults alleged, as a witness in his defense.

At the hearing on Lee's motion for new trial, his trial defense counsel testified that this was his first felony case, and that he discussed potential witnesses with Lee, including Lee's wife. They discussed what Mrs. Lee could add to the defense without hurting the case. He initially thought that she would be called because she and Lee had worked together at the nursing home, but ultimately decided not to call her as a witness. The attorney was concerned that she did not have information that would rebut the allegations against Lee. In the trial defense counsel's opinion he made a strategic decision not to call her because he did not believe she could add anything, her testimony would be repetitious, and he was not sure of her as a witness. The defense counsel admitted that at first he told appellate defense counsel that he did not know why he did not call Mrs. Lee. Counsel also testified that if he had it to do over again he would call Mrs. Lee as a witness. At the hearing on Lee's motion for a new trial, Mrs. Lee could not testify because she had suffered a severe stroke and was incapacitated as a result.

In deciding this issue, the trial court reviewed the transcript of Mrs. Lee's subsequent testimony in the Fulton County case in which Lee was acquitted, which was one of the similar transactions introduced in evidence in this case. The court found that Mrs. Lee's testimony from the Fulton County case was that she was with Lee only one time and that he did nothing improper to the victim in this case while she was with him. She also testified about their training to deal with patients who soil themselves in cases such as this. And, she also testified that the victim in this case did not complain to her about any mistreatment. Because of this testimony which the court deemed helpful to Lee's defense, the trial court found that Lee's trial defense counsel's performance was deficient. The trial court also found, however, that this deficient performance did not prejudice Lee's defense.

The trial court found that Mrs. Lee's testimony did not eliminate the possibility that Lee could have committed the crimes at another time when his wife was not with him, and his wife testified that she did not work with him all the time. The court also concluded that her testimony did not rule out the possibility that Lee could have assaulted the victim at another time that night. The trial court also

considered that in assessing her testimony the jury would be authorized to consider that she was testifying in her husband's defense.

It is tempting to conclude that, because Lee's wife testified in the Fulton County case and Lee was acquitted, that a similar result would have occurred in this case if she had testified. We cannot reach that conclusion, however, because Lee also testified in the Fulton County case, and he did not in this case. Moreover, we cannot assess the credibility of the other witnesses who testified in the Fulton County case, and it is possible that, having the benefit of seeing the testimony of the witnesses in this case, Lee was able to more effectively rebut the allegations against him. Therefore, we cannot find that the trial court erred by finding that Lee had not established the second element of an ineffectiveness of counsel claim.

Lee not only had the burden of establishing that his trial defense counsel's performance was deficient, *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987), he also had to show there was a reasonable probability the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies. *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988). A trial court's findings on the effectiveness of counsel must be upheld unless it is shown that those findings are clearly erroneous. *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406) (1998).

Accordingly, we do not find that the trial court erred by not granting Lee's motion for a new trial on this issue.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JULY 6, 2007.

*Bobby D. Wilson*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.