A89A0876. BROWN v. THE STATE.
(389 SE2d 268)

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of rape and the trial court imposed a life sentence. He now appeals. *Held:*

1. Defendant first asserts the general grounds.

At trial, the victim testified and positively identified defendant as the man who entered her home and raped her. Further, Officer Jim Lewis of the Columbus Police Department testified that he observed defendant in the area of the victim's home shortly after the crime, that he noticed that defendant's characteristics matched the general

body description of the victim's assailant, including a cast on his right arm, and that defendant fled when the officer stopped to question him. This evidence was sufficient to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of raping the victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Mitchell v. State*, 176 Ga. App. 32 (1) (335 SE2d 150).

2. Next, defendant contends the trial court erred in allowing one of the State's witnesses, Detective Slouchick, to testify as to the substance of an out-of-court conversation between defendant and defendant's former girl friend, Ms. Barrows. Defendant argues that this testimony was inadmissible hearsay. The State contends it was admissible for impeachment purposes.

Ms. Barrows testified as a defense witness and denied on cross-examination that she informed law enforcement officers that defendant had "told [her] that he saw some man running out of the [victim's] trailer so he ran away, too[.]" In rebuttal, Detective Slouchick testified that Ms. Barrows contacted him after the rape and informed him that defendant had told her he did not rape the woman, that defendant had seen a man running from the woman's home and that he got scared and ran.

"[A]nything heard by a witness while in the presence of the defendant is admissible and is not hearsay. [Cits.]" *Latimore v. State*, 170 Ga. App. 848 (1) (318 SE2d 722) (1984). Thus, any statement made by the defendant himself would be admissible and probative. *Grindle v. State*, 151 Ga. App. 164 (259 SE2d 166) (1979). See also *Moore v. State*, 240 Ga. 210 (240 SE2d 68) (1977). Therefore, the underlying statement by the defendant to Ms. Barrows would not have been hearsay and would have been admissible if testified to by the former girl friend. It follows that the officer's testimony regarding the witness' earlier statement is clearly admissible for impeachment purposes because of her previous contradictory testimony. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). The trial court did not err in admitting Detective Slouchick's testimony.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 1, 1989.

*H. Haywood Turner III*, for appellant.
*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney*, for appellee.