A89A1653. BEAUCHENE v. THE STATE.
(390 SE2d 116)

SOGNIER, Judge.

Richard A. Beauchene, Sr. was convicted by a jury of possession and sale of marijuana, possession of cocaine, possession of cocaine with intent to distribute (2 counts), cocaine trafficking (2 counts), and possession of a firearm during the commission of a felony (2 counts). He appeals from the judgment and sentence entered on the jury's verdict.

1. Appellant contends the trial court should have granted his motion for a directed verdict of acquittal as to count 6 of the indictment, in which he was charged with trafficking in cocaine, on the ground that the State did not prove he sold cocaine of the requisite amount and purity. We do not agree. OCGA § 16-13-31 (a) (1) defines cocaine trafficking as, inter alia, the possession or sale of "28 grams or more of cocaine . . . with a purity of 10 percent or more of cocaine." The State's forensic chemist testified that State's exhibit 4 consisted of three bags which contained a total of 82.8 grams of cocaine of between 55 and 58 percent purity. Although the witness stated that she did not perform the full range of tests on one of the bags, she did determine that the purity of its contents was the same as that of the other two bags, and that the total weight of the contents of the bags on which she performed all the tests was 55 grams. See generally *Coop v. State*, 186 Ga. App. 578, 580-581 (3) (367 SE2d 836) (1988). Thus, we find the State established the elements of the charged crime so as to satisfy the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In three enumerations of error appellant challenges the trial court's ruling on issues related to the testimony of GBI Special Agent John Lang. At trial appellant admitted selling cocaine and marijuana to GBI undercover agent Scott Garner, but presented an entrapment defense, testifying that he and his business partner, Jim Barnes, were

attempting to get into the business of selling gas grills, and that Garner was presented to him as the only person who was willing to sell inventory to them on credit. Appellant stated that in response to Barnes' admonition that Garner was "into drugs" and that they would have to satisfy this need before he would sell inventory to them on the desired terms, appellant purchased cocaine and marijuana from a third party and sold the drugs to Garner.

On cross-examination appellant testified that he had never sold drugs other than the sales to Garner for which he was on trial. The prosecutor then asked whether appellant recalled being introduced to Lang by Garner and discussing selling cocaine to or "burning down [appellant's] building for cocaine" with Lang, whereupon appellant's counsel moved for a mistrial. After the motion was denied, the prosecutor continued with the cross-examination of appellant, during which appellant denied any knowledge of the weights and measures or slang terms common to the drug trade. The State then called Lang as a witness, and he played a tape recording of a conversation he had with appellant in which the two men discussed appellant's desire to obtain insurance on the building in which his business was located and then hire Lang to burn it down. Appellant also discussed selling "three kilos" of cocaine to Lang, and stated that a kilogram contained "two point two pounds."

(a) Appellant first contends the trial court erred by overruling his objection and mistrial motion made in response to the prosecutor's question to appellant about his desire to hire Lang to burn down his building. Appellant argues that this question and the affirmative response he was required to give improperly placed his character into evidence, was not admissible as impeachment evidence because he had not given prior inconsistent testimony, and could not be used to show bent of mind because the State failed to give prior notice of intent to present evidence of similar transactions as required by Uniform Superior Court Rule 31.3.

We do not agree. "Where the defendant testifies in his own behalf and falsely denies past criminal conduct (or past misdeeds,) the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of *specific testimony* of the defendant. [Cit.] . . . In this circumstance the defendant has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, we recognize this as a situation where the state is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to. [Cit.]" (Punctuation omitted.) *Jones v. State*, 257 Ga. 753, 759 (a) (363 SE2d 529) (1988). Thus, when appellant testified that he had never sold drugs except when entrapped by authorities, the State was authorized to introduce the challenged testimony to rebut this specific testimony of appellant.

The State's failure to give the notice designated in USCR 31.3 did not bar the inquiry at issue because "[n]othing in [that] rule is intended to alter the rules of evidence relating to impeachment of witnesses." USCR 31.3 (E).

(b) Appellant's contention that the trial court erred by allowing Lang to testify regarding his meetings with appellant and to play the tape recordings of their conversations is similarly without merit. Once appellant raised an entrapment defense with his testimony that he was induced to sell drugs by GBI agent Garner and by Barnes, who was cooperating with the GBI, the State had the burden to prove predisposition beyond a reasonable doubt. *Griffin v. State*, 154 Ga. App. 261, 264 (267 SE2d 867) (1980). Accordingly, evidence that during the same time frame appellant was selling marijuana and cocaine to Garner he also was discussing sale of a large amount of cocaine to Lang was admissible to prove bent of mind even though the evidence incidentally placed appellant's character into issue. See *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

(c) Appellant's enumeration of error concerning the trial court's failure to instruct the jury that Lang's testimony and tape recording were admitted for a limited purpose is controlled adversely to him by *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986) in that appellant failed to request such a charge at trial.

3. Finally, appellant contends that the trial court erred by sentencing him for a felony on count 9, possession of marijuana on March 25, 1988, because the evidence did not conclusively show that he was in possession of more than one ounce of the drug and the jury was not instructed to make a factual finding as to the amount as required by *Jones v. State*, 151 Ga. App. 560 (260 SE2d 555) (1979). However, unlike *Jones*, in the case at bar there was no dispute as to the amount of marijuana (5.7 ounces) appellant possessed on the date specified in the indictment. Thus, a charge to the jury was not required and the felony sentence was proper. *Coffey v. State*, 141 Ga. App. 254-255 (1) (233 SE2d 243) (1977).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 12, 1990.

*John D. McCord III*, for appellant.
Richard Beauchene, *pro se*.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Robert E. Statham, Desiree L. Sutton, Assistant District Attorneys*, for appellee.