### A90A1469. FARMER v. THE STATE.
(398 SE2d 235)

SOGNIER, Judge.

Henry Clyde Farmer, a/k/a Mike Farmer, was convicted by a Polk County jury of attempted rape, and he appeals.

Construed to support the verdict, the evidence adduced at trial showed that the victim, a high school senior at the time, injured her back at a part-time job and sought treatment from appellant, a chiropractor who had treated her family. The victim testified that after using recognized chiropractic practice, appellant pulled up her blouse and pulled down her skirt and underclothes and fondled and kissed her before then attempting intercourse. She testified that she begged him to stop, that his attempts at intercourse were painful, and that she pushed him away repeatedly but that she was "scared and very nervous" and "kept thinking that [she] just had to let him do whatever he was going to do because he was so big" and would harm her greatly if she made him angry. She testified that appellant eventually abandoned his assault and allowed her to leave. She went home and told her parents, who contacted the police. Medical testimony showed that the victim was a virgin whose vaginal wall showed a fresh tear. Appellant testified that the victim had been "coming on strong" to him, but denied assaulting her.

The State called three other witnesses who had been patients of appellant, each of whom testified that either in the course of or following chiropractic treatment, appellant had fondled them or made inappropriately sexually suggestive comments. All three were teenagers at the time the incidents occurred.

1. Appellant contends the evidence was insufficient to support the conviction in that the State failed to prove that the incident occurred "forcibly and against [the victim's] will," as required by OCGA § 16-6-1 (a). We do not agree. First, the victim testified that she kept pushing appellant away. Second, to the extent that she did not exhibit great resistance, she testified that she was frightened by appellant's size, and "[l]ack of resistance, induced by fear, is not legally cognizable consent but is force. [Cit.]" *Derr v. State,* 239 Ga. 582 (1) (238 SE2d 355) (1977). We find the evidence sufficient to support appellant's conviction under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Brown v. State,* 193 Ga. App. 772-773 (1) (389 SE2d 268) (1989).

2. Appellant maintains the trial court erred by admitting the evidence about prior similar transactions, as they were not sufficiently

similar. " 'In crimes involving sexual offenses, evidence of similar previous transactions is admissible "to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged." (Cits.)' [Cit.]" *Vereen v. State*, 162 Ga. App. 1, 3 (3) (289 SE2d 766) (1982). A comparison of the incidents described by the other witnesses and that testified to by the victim reveals remarkable similarity. The victims were all teenage females, all were patients, and all were fondled by appellant in a similar manner in the course of or following a chiropractic examination or treatment. We find no error in the admission of this evidence. See *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631) (1989).

3. In two separate enumerations, appellant contends the trial court erred by allowing GBI agent Lisa Harris to testify, both because her name was not on the witness list provided to appellant and because her testimony was not included in the State's notice to appellant, pursuant to USCR 31.3, of its intention to present evidence of similar transactions. We do not agree.

(a) The transcript shows that Harris was called in rebuttal, and " '[c]alling an unlisted witness in rebuttal is not error. [Cits.]' [Cit.]" *Mize v. State*, 240 Ga. 197, 199 (6) (240 SE2d 11) (1977).

(b) In Harris' capacity as a GBI agent, she had posed as a patient in a prior investigation of appellant prompted by the complaint of one of the earlier victims whose testimony was admitted into evidence in this case. The State called Harris in rebuttal to impeach appellant's former employees Laurie Tucker and Judy Sims that appellant's examination rooms were never locked, and that appellant was never alone with female patients and never asked them sexually suggestive questions or made improper comments. See OCGA § 24-9-82. Since USCR 31.3 (E) provides, in pertinent part, that "[n]othing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses," we find that Harris' testimony concerning appellant's prior conduct with her was properly admitted despite the absence of her name from the State's notice to appellant that it intended to present evidence of similar transactions. See *Beauchene v. State*, 194 Ga. App. 222, 223-224 (2) (a) (390 SE2d 116) (1990).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided October 1, 1990 —
Rehearing denied October 15, 1990 — 

*T. Peter O'Callaghan, Jr.*, for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.