A98A2002. WILLIAMS v. THE STATE.
(513 SE2d 757)

RUFFIN, Judge.

A jury found Robert Earl Williams guilty of kidnapping and hijacking a motor vehicle. Williams appeals, challenging the sufficiency of the evidence to support his convictions. Because there is sufficient evidence to support the convictions, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Shabazz v. State*, 229 Ga. App. 465-466 (1) (494 SE2d 257) (1997).

Viewed in this light, the evidence showed that on March 2, 1997, Williams, Chris Roof, and Rico Echols were dropped off at Atlanta Toyota to look at cars. They approached Jorge Naveda, a salesman,

and asked him about used Toyota 4-Runners. While in one of the 4-Runners for a test drive, Roof, who was sitting next to Williams in the back seat, pulled a gun on Naveda and told him "to just keep driving." Naveda left the dealership and drove until he was ordered to stop in a parking lot and to get out of the vehicle, and the three men drove away. Both at a pre-trial photographic lineup and at trial, Naveda identified Williams as one of the men in the 4-Runner during the hijacking. According to Naveda, Williams never asked to get out of the car as it was being hijacked from the dealership and never offered him any help.

Williams testified that he was unaware of any plan to hijack the 4-Runner until Roof pulled out a gun. Williams contradicted Naveda's testimony that Roof pulled out the gun at the dealership, claiming that Roof did not take it out until they got to the parking lot, and Roof ordered Naveda out of the car. According to Williams, he thought Naveda was pulling into the parking lot so that he could test drive the vehicle.

About a month after the hijacking, on April 2, 1997, Officer Gary Daniel responded to a call regarding a burglary in progress at an apartment complex. When Daniel arrived at the scene, he met Williams and Roof who told him that they were witnesses to this alleged burglary. When he asked Williams how he got to the apartment complex, Williams pointed to a vehicle which turned out to be the stolen Toyota 4-Runner. According to Daniel, Williams claimed that the vehicle belonged to his aunt, and he gave Daniel the key and allowed him to search it for weapons. An examination of the license tag revealed that it had been replaced by one which was not on file. After confirming the vehicle had been stolen and that it was in Williams' possession, Daniel placed Williams under arrest for theft by receiving a stolen vehicle. Thereafter, Williams showed Daniel two traffic citations which indicated that he had driven the vehicle on at least two occasions after it had been stolen. Williams testified at trial that both he and Roof drove the vehicle during the month following the hijacking, and that they kept the vehicle at Roof's house.

Williams asserts that there was insufficient evidence to establish that he was a party to the crimes of which he was convicted, and that he was merely present when Roof pulled a gun on Naveda and hijacked the vehicle. Williams claims that the evidence, as outlined above, was sufficient only to support a conviction for theft by receiving stolen property. We disagree.

"A participant to a crime may be convicted although he is not the person who directly commits the crime. OCGA § 16-2-20. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the

crime. *Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime.* Whether [Williams] was a party to the crime and aided and abetted [Roof] in the [kidnapping and hijacking of the motor vehicle] or intentionally advised, encouraged, or counseled [Roof] to commit the crimes was a question for the jury." (Citations omitted; emphasis supplied.) *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997).

In this case, there was ample evidence from which the jury could have concluded that Williams was more than "merely present" when his cohorts committed the offenses of kidnapping and hijacking a motor vehicle. Williams made no attempt to distance himself from the hijacking while it was occurring, nor did he offer Naveda any help whatsoever after Roof pulled a gun on him. In addition, "[t]here is evidence that he [drove the stolen vehicle for a full month before he was finally arrested] and remained with his associate[ ] ([sharing the use of the vehicle with Roof]) for some time after the [hijacking]." *In the Interest of K. B.*, 223 Ga. App. 105, 108 (476 SE2d 875) (1996). During that time, he made a concerted effort to hide the vehicle's true identity, and he also lied to Officer Daniel about the vehicle's ownership.

It is of no consequence that Williams' version of the events at issue was in stark contrast to the victim's. The jury apparently chose to believe Naveda that Roof pulled a gun on him at the dealership, and not at the parking lot as Williams contends. "The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness[,] for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict." (Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 88 (1) (469 SE2d 214) (1996). Accordingly, a rational trier of fact could have found Williams guilty beyond a reasonable doubt as a party to the crimes of kidnapping and hijacking a motor vehicle. See *Criswell v. State*, 164 Ga. App. 524 (297 SE2d 531) (1982). In so holding, we need not address Williams' contention that the evidence established only that he was guilty of theft by receiving stolen property.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 5, 1999.

*Henderson & Lipscomb, Lyle K. Porter*, for appellant.

*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.