A00A0272. ALLEN v. THE STATE.
(534 SE2d 190)

SMITH, Presiding Judge.
Joseph C. Allen III was indicted by a Clarke County grand jury on one count of aggravated assault. A jury found him guilty, and his motion for new trial was denied. He appeals, raising three enumerations of error. We find no merit in any of his contentions, and we affirm his conviction.

Construed to support the verdict, the evidence presented at trial showed that the victim knew Allen because Allen's mother was related to the victim by marriage. Two or three days before the incident, the victim borrowed a small amount of money from Allen to buy food. Allen wanted to be repaid and came to the victim's home to get the money. The victim told Allen he did not have the money at that time but could give it to him in a few days. The victim feared that Allen and several friends were about to beat him up and asked Allen not to do that in front of the victim's children. Allen then shot the victim in the abdomen and the arm.

It is undisputed that the victim told police officers and an investigator for the district attorney's office that Allen shot him. He picked

---

[3] *W. M.,* supra, 239 Ga. App. at 322 (2).
[4] *In the Interest of A. W.,* 198 Ga. App. 391, 392 (401 SE2d 560) (1991).

Allen's picture from a photo array. At trial, however, the victim testified several times that he could not recall who shot him. He also testified, however, that he just did "not want to prosecute anyone." The victim went on to say that Allen "had called and he apologized, and I accepted his apology of him shooting me which it was wrong that he did. I could have been seriously hurt, but I am not."

1. Allen contends the evidence was insufficient to support his conviction because the victim testified at trial that he was not sure who had actually shot him and no other witness identified Allen as the shooter. We do not agree.

Evidence is sufficient as a matter of law if, when construed favorably toward the verdict, a rational trier of fact could find all essential elements of the crime charged beyond a reasonable doubt. Aggravated assault has two essential elements: an assault and aggravation, consisting of a deadly weapon, object, or device that, when used against another, is likely to or actually does result in serious bodily injury. OCGA § 16-5-21 (a); *Elrod v. State*, 238 Ga. App. 80, 81-82 (1) (517 SE2d 805) (1999). In this case, therefore, to convict Allen the State was required to prove those two elements and that Allen was the shooter.

Here, as in *Elrod*, the accused does not deny the assault; he simply argues that the evidence was insufficient because of the lack of positive testimony that he was the shooter. Here, as in *Elrod*, we find that prior inconsistent statements made by the victim were admissible as substantive evidence under *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). The victim made a number of prior statements that Allen shot him, including one to an investigator, who testified the victim "said I am a hundred percent sure. I am positive it was Joseph Allen. He was no further than five or six feet from him when he shot him." These statements were sufficient to support a finding that Allen was the shooter notwithstanding his trial testimony.

Moreover, the victim's trial testimony itself supports the conviction. The victim acknowledged that Allen shot him and that it was wrong. His testimony shows that it was not uncertainty about the identity of the shooter that motivated his change of heart but simply forgiveness. The necessary elements were sufficiently proved.

2. Allen also maintains the State did not prove venue. The issue of venue was not raised at trial, and when that is the situation and the evidence is not in conflict, slight evidence is sufficient to prove venue. *Frisbey v. State*, 236 Ga. App. 883, 885 (2) (514 SE2d 453) (1999). This court has held that evidence that the investigating officer was employed by the police department of the county in which the case was tried is sufficient to prove venue when only slight evidence is needed, because " 'the State is at least entitled to an infer-

ence' that the officer acted within his territorial jurisdiction." *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998); *Frisbey*, supra. Here, evidence was presented that the initial investigating officer was employed by the Athens-Clarke County Police Department and that he was on duty when he responded to the shooting. This was sufficient to establish venue in Clarke County.

3. In Allen's final enumeration of error, he challenges the admission into evidence of a bench warrant for his arrest issued after he failed to appear for trial on the initial trial date for this case. We do not agree.

"The State is entitled to offer evidence of flight while a defendant is awaiting trial and argue that it demonstrates consciousness of guilt. [Cits.]" *Turner v. State*, 237 Ga. App. 642, 644 (3) (516 SE2d 343) (1999). "Further, evidence that the defendant forfeited his appearance bond is admissible as tending to show flight." (Citations and punctuation omitted.) *Scott v. State*, 216 Ga. App. 692, 693 (2) (455 SE2d 609) (1995). The trial court did not err in allowing the State to introduce this evidence.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 28, 2000.

*David T. Wooten*, for appellant.
*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.