A99A0666, A99A0667. BRIGHT v. THE STATE (two cases).
(535 SE2d 14)

ANDREWS, Presiding Judge.

In *Bright v. State,* 238 Ga. App. 876 (520 SE2d 48) (1999), we affirmed the two judgments entered on Dudley Glen Bright's multiple convictions for, among other charges, three counts of aggravated sodomy against K. A., a minor who was seven at the time of the acts (Case No. A99A0667). Pursuant to the grant of certiorari and remand to this Court by the Supreme Court, we consider the judgment entered on the convictions of aggravated sodomy in light of *Brewer v. State,* 271 Ga. 605 (523 SE2d 18) (1999).

So doing, we vacate Division 1 of our opinion and substitute the following:

*Case No. A99A0667*

1. Bright's fifth enumeration, that the trial court erred in denying his motions for directed verdict at the close of the State's case and the close of all the evidence, challenges the legal sufficiency of the evidence and will be considered first.[1] With regard to the aggravated sodomy counts, Bright argued that there was insufficient evidence that the acts were committed "forcibly and against the will of said child."

Viewed in the light most favorable to the jury's verdict, *Wilson v. State*, 233 Ga. App. 327, 328 (1) (503 SE2d 924) (1998), the evidence was that Bright was the first cousin of Philip Adams and Adams had brought Bright to live with him, his wife and two children so that Bright could get his life in order. Bright and Adams also began an exotic snake breeding business, which they conducted in a building behind the residence, referred to as the snake house. In addition to the Adams children, Matthew, age two, and K. A., age seven, Mrs. Adams' niece, H. L., age ten, was staying with the Adams family during the summer of 1996.

The house had two bedrooms upstairs, occupied by Mr. and Mrs. Adams, their children, and H. L. Bright slept on a hide-a-bed in the living room downstairs.

On September 6, 1996, Mrs. Adams had allowed K. A. and H. L. to stay up late and watch television in the living room with Bright. Bright assured Mrs. Adams it was fine with him and he would be with them. Around midnight, when the girls had not come to bed, Mrs. Adams went to check on them and found K. A. asleep on the floor and H. L. sitting in Bright's lap, wearing only the large t-shirt in which she slept. Both H. L. and Bright acted surprised.

The next morning, Mrs. Adams asked H. L. what they had been doing, and she initially said nothing. Asked if Bright touched her anywhere, H. L. said he had touched her on her private between her legs. H. L. also said that Bright had improperly touched K. A. in her presence, and K. A. affirmed this.

K. A. and H. L. were initially interviewed by Officer O'Brien on

---

[1] In Case No. A99A0667, Bright was convicted of the following: Count 1, aggravated sodomy on K. A. by placing his mouth on her vagina; Counts 2 and 3, aggravated sodomy by placing his penis in K. A.'s mouth on two occasions; Count 4, child molestation by fondling K. A.'s vagina; Count 5, child molestation by fondling H. L.'s vagina; and Count 6, aggravated child molestation by placing his mouth on K. A.'s vagina in the presence of H. L. All acts were alleged to have occurred between March 1, 1996 and September 7, 1996, except for Count 5, alleged between August 1 and September 7, 1996.

September 7 and indicated that Bright had touched them only with his hand on their privates. On September 16, Department of Family & Children Services supervisor Dooley interviewed K. A. again, with Officer O'Brien present and her parents watching from behind a two-way mirror. During that interview, K. A. said that Bright touched her and H. L. on their privates while they were under a tent formed by a blanket while they sat on the couch watching television. This sometimes happened when K. A.'s parents were also in the room but could not see because of the blanket. Additionally, K. A. revealed that Bright had made her suck his penis, both in the house on the sofa and in the snake house when only she, he, and H. L. were present. When she did this, "water" came out of his penis. On at least one occasion, Bright also licked her private.

K. A. did not tell her parents any of this because Bright had told her not to and she was afraid of him. K. A. also told her mother that Bright said that if she told, he would "come after [her] mama and [her] daddy." K. A. testified that she did not tell Bright "no" when he asked her to do these acts because she was scared of him. H. L. testified that Bright repeatedly touched her private part with his hand while she, he, and K. A. were on the sofa. She also witnessed Bright put his mouth on K. A.'s private part and saw him place his penis in K. A.'s mouth. She also did not tell about these events because Bright had told her not to. H. L. refused to let Bright put his mouth on her vaginal area but was present when he did that to K. A., even though H. L. had told K. A. not to let him do it.

In *Brewer v. State*, supra, the Supreme Court concluded that merely proving that an act of sodomy was committed on a victim under the legal age of consent did not automatically prove that it was perpetrated "with force and against the will." "Force" or "forcibly" was defined in *Brewer* as "acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation." Id. at 607.

In *Brewer*, however, unlike the situation here, the victim, who was 11 at the time of the act, "repeatedly denied every suggestion of physical force, threats, and intimidation." Id.

As set out above, there was evidence of intimidation of K. A. by Bright, including threats to harm her parents, and she was afraid of him. We believe that this evidence was sufficient to prove the necessary force required for aggravated sodomy and denial of the motion for directed verdict on this basis was not error.

*Judgment affirmed in Case No. A99A0667. Ruffin, J., and McMurray, Senior Appellate Judge, concur.*[2]

---

[2] The affirmation of the judgment in Case No. A99A0666 by *Bright v. State*, supra, is not affected by our decision herein.

DECIDED MAY 16, 2000.

*Virgil L. Brown & Associates, Bentley C. Adams III,* for appellant.

*N. Stanley Gunter, District Attorney; Lynn Akeley-Alderman, Assistant District Attorney,* for appellee.