## A00A2383. BLANSIT v. THE STATE.
### (546 SE2d 81)

PHIPPS, Judge.

Donnie Blansit was convicted of child molestation, aggravated sodomy, aggravated child molestation, enticing a child for indecent purposes, and two counts of sexual exploitation of a child. He appeals his conviction for aggravated sodomy, contending that the evidence was insufficient to establish the essential element of force. We disagree and affirm.

Viewing the evidence in the light most favorable to the verdict,[1] we find that the following occurred. Blansit was once married to A. M.'s sister and had two children who were close in age to A. M. Between May 1 and July 3, 1997, when A. M. was 12 years old, Blansit frequently picked up A. M. at her mother's home and took her to his home for the ostensible purpose of allowing the children to visit. On many of these visits, A. M. stayed overnight in Blansit's home. From the first night A. M. stayed there, Blansit established a pattern of bringing A. M. into his bedroom late at night and engaging in sexual acts with her. Blansit had sexual intercourse with A. M. six or

---

[1] See *Bright v. State*, 244 Ga. App. 23, 24 (1) (535 SE2d 14) (2000).

seven times and had oral sex with her twice. He also took numerous pornographic photographs of A. M., some of which depicted sexual acts between him and her.

"A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person."[2] "The term force . . . means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation."[3] Only a minimal amount of evidence is necessary to prove force against a child.[4] Proof of force may be direct or circumstantial.[5]

This court does not weigh the evidence, determine witness credibility, or attempt to resolve conflicts in the evidence.[6] We merely determine whether there is any competent evidence from which a rational trier of fact could find each element of the offense beyond a reasonable doubt.[7]

At trial, A. M. described her sexual encounters with Blansit as rape. She had similarly described them to her psychologist before trial. The psychologist testified that she had asked A. M. what rape is and that A. M. responded, "[it] is when a guy wants you to have sex with him and you say no and he make you anyway."

A. M. testified that Blansit was like a father to her because she had never known her own father. She told her psychologist that the first time Blansit asked her to have sex with him, she said, "No." Nevertheless, he began to touch her breasts and her genital area. She told him to stop, but he continued. Then he began taking off her shirt and told her to unzip her pants. She did so because she was scared.

A. M. testified that she felt she would be in trouble with him if she did not do what he wanted. With each encounter, she asked Blansit to stop, but he never did.

She testified that Blansit threatened that if she ever told anyone, he would come after her and kill her. On one occasion, she testified, Blansit took a knife from under his pillow and rubbed it on her breasts and across her stomach. At trial, A. M. identified the knife, which the police had found under a pillow on Blansit's bed.

Finally, A. M.'s psychologist testified that A. M. said Blansit "made [her] put [his penis] in [her] mouth."

Blansit argues that there is no evidence that the threats he allegedly made induced A. M. to participate in sodomy with him. The

[2] OCGA § 16-6-2 (a).

[3] (Citation and punctuation omitted.) *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999).

[4] *Patterson v. State*, 242 Ga. App. 885 (531 SE2d 759) (2000).

[5] *Gibbins v. State*, 229 Ga. App. 896, 898 (1) (495 SE2d 46) (1997).

[6] *Yarbrough v. State*, 241 Ga. App. 777, 781 (4) (527 SE2d 628) (2000).

[7] *Carnell v. State*, 246 Ga. App. 542, 543 (1) (541 SE2d 118) (2000).

record does not establish whether the threats of violence or intimidation with the knife occurred before the acts of sodomy.

However, the record contains substantial evidence that A. M. allowed Blansit to perpetrate sodomy upon her because she was afraid to resist him. And "[l]ack of resistance, induced by fear, is force."[8] While we do not know the timing of the acts of sodomy within the continuum of abuse, the record shows that they occurred in Blansit's bedroom, behind locked doors, after A. M. had been isolated from her peers, after Blansit had already begun a pattern of sexually abusing her, and after he had demonstrated that he would not comply with her requests to stop. From these circumstances, we find sufficient evidence of force to support Blansit's conviction.[9]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 28, 2001.

*James I. Collins, Jr.,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney,* for appellee.

---

[8] (Citations and punctuation omitted.) *Gibbins,* supra, 229 Ga. App. at 898 (1).

[9] See id. at 897-898; *Raines v. State,* 191 Ga. App. 743-744 (1) (382 SE2d 738) (1989); *Drake v. State,* 239 Ga. 232, 235-236 (2) (236 SE2d 748) (1977).