584 S.E.2d 66 (2003)
261 Ga. App. 795
BREWSTER
v.
The STATE.
No. A03A0368.
Court of Appeals of Georgia.
June 19, 2003.
*68 Richard A. Waller, Jr., for appellant.
Kelly R. Burke, Dist. Atty., Katherine K. Lumsden, Asst. Dist. Atty., for appellee.
*67 PHIPPS, Judge.
After a jury trial, Eugene Brewster was convicted of burglary, sexual battery, aggravated sodomy, issuing a terroristic threat, and criminal attempt to commit rape. On appeal, he contends that the evidence was insufficient to support the verdicts beyond a reasonable doubt and that his conviction for issuing a terroristic threat should have merged into his conviction for criminal attempt to commit rape. Because the record does not support Brewster's contentions, we affirm.
1. Brewster challenges the sufficiency of the evidence. On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence.[1] This court does not weigh the evidence or determine witness credibility, but only determines whether the evidence, viewed in the light most favorable to the jury's verdict, is sufficient under Jackson v. Virginia.[2] We uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]
Viewed in this light, the evidence at trial showed that around 2:00 a.m. on May 18, 2001, a man entered the home of C.G., the victim of the crimes, without her permission. C.G. was in her bedroom and was awakened when the man put her hand on his penis. The man made C.G. perform oral sex on him. C.G., who lived alone, testified that she did not resist the stranger because she feared that he would hurt her. The man left, and C.G. locked the door.
But the man returned to C.G.'s bedroom moments later. That time, he had on no clothes and told C.G. to take off her clothes. He threatened to kill her. C.G. testified, "he told me to spread my legs.... [H]e poked he stuck [his penis] in. Then he took it out and he said never mind then. That's when he left." C.G. stated that she complied with everything he commanded because she was afraid that he would hurt her.
C.G.'s next-door neighbor, Brandy Brenner, had been outside during C.G.'s first encounter with the intruder and heard C.G. repeatedly ask, "Why are you here?" Shortly afterward, Brenner observed Brewster, whom she had known since 1996 or 1997, exit C.G.'s home. Brenner went inside her own home and told her boyfriend what she had heard and seen. When Brenner returned outside, she heard C.G. ask, "you're here again?" Brenner heard a man say "something about taking off her shirt," other statements she could not understand, and then "shut up or I'll kill you." By then, Brenner's boyfriend had joined her outside. Brenner and her boyfriend recognized the man's voice as that of Brewster. Upon hearing that threat, Brenner left the area to call the sheriff's office. Her boyfriend remained outside and observed Brewster leaving C.G.'s home.
Deputy Sheriff Bradley Stone responded to the call and interviewed C.G. She told Stone that the man who had appeared in her home had also rubbed his penis on her breast and had ejaculated there. She further reported that the intruder also had tried to penetrate her, but then left.
(a) A person commits sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person.[4] *69 Brewster was charged with that crime "by rubbing his penis on [C.G.'s] breasts." Brewster points out that C.G. testified at trial that other than her hand, mouth, and vagina, the intruder had not placed his penis anywhere else on her body.
But C.G. made a prior statement to investigators that the intruder had placed his penis on her breast. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes."[5] The record shows that C.G. took the stand and made statements that were inconsistent with her prior statements to the investigating deputy sheriff and that Brewster's attorney cross-examined her on her prior statements. The State was entitled to use the prior inconsistent statements to prove the crime.[6] It was the jury's role to determine what evidence to credit.[7] This court does not determine or question how the jury resolved any apparent conflicts, but construes conflicts in favor of the verdict.[8] Accordingly, a rational trier of fact could have found Brewster guilty beyond a reasonable doubt of sexual battery.[9]
(b) A person is guilty of aggravated sodomy when he or she commits sodomy with force and against the will of the other person.[10] Brewster was charged with committing that crime by forcing C.G. to perform oral sex on him. Pointing to C.G.'s testimony that the intruder had been "nice" to her, Brewster claims that there was no evidence showing force.
The term force includes not only physical force, but also mental coercion, such as intimidation.[11] "[L]ack of resistance, induced by fear, is ... force."[12] Brewster was a stranger who had intruded into C.G.'s home and made his presence known by initiating sexual contact. She testified that she did not resist him because she was afraid. This evidence authorized the jury to find sufficient evidence of force to support a verdict of guilty on the aggravated sodomy count.[13]
(c) Burglary is committed when a person enters the dwelling house of another, without authority and with the intent to commit a felony therein.[14] Brewster argues that there was no evidence that he had the intent to commit the underlying felony in this case, which was rape. Whether the accused had the intent to rape the victim was a question for the jury.[15] Brewster broke into C.G.'s residence, approached her while wearing no clothes, demanded that she take off her clothes, and attempted to rape her.[16] This evidence authorized the jury to find that Brewster entered C.G.'s home intending to rape her.[17]
(d) A criminal attempt consists of three elements: (1) an intent to commit *70 the specific crime; (2) performance of a substantial act toward committing the crime; and (3) failure to consummate the crime.[18] The State indicted Brewster for criminal attempt of rape, charging that he "did take a substantial step toward the commission of the crime of Rape, in that he forcibly and against her will attempted to have carnal knowledge of [C.G.], to wit: he demanded she take off her clothes and attempted to penetrate her."
As determined in Division 1(c), supra, the evidence authorized a rational trier of fact to find that Brewster intended to rape C.G. The State satisfied the substantial step requirement with proof that Brewster ordered her to remove her clothing and attempted to penetrate her. Finally, there was evidence in C.G.'s prior inconsistent statement that Brewster left before consummating the crime of rape. The evidence is legally sufficient to uphold the verdict of guilty of criminal attempt to commit rape.[19]
(e) OCGA § 16-11-37(a) provides that a person commits terroristic threats when he or she threatens to commit any crime of violence with the purpose of terrorizing another. "No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated."[20] The jury was authorized to find that Brewster committed this crime by threatening C.G., "Shut up or I'll kill you," which was also heard by Brenner and her boyfriend.[21]
2. Brewster contends that the terroristic threats conviction should have merged as a matter of fact with the criminal attempt to commit rape conviction, arguing that "the terroristic threat alleged, `Shut up or I'll kill you,' is also the `force' in the criminal attempt to commit rape" conviction.
The State protests that this issue was not preserved for appellate review because Brewster failed to raise it in the trial court. Because one may not be convicted legally of a crime that is included as a matter of law or fact in another crime for which that person stands convicted, an appellate court must vacate the conviction and sentence for an included crimeeven where the issue of merger was not raised in the trial court.[22]
[T]he question of whether there was a factual merger of the crimes is determined by looking to the actual evidence introduced at trial to determine whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6. If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6.[23]
Brewster's contention that the terroristic threats conviction should have been merged as a matter of fact with the criminal attempt conviction ignores the fact that the indictment charged him with criminal attempt to commit rape by "demanding [that C.G.] take off her clothes and attempt[ing] to penetrate her." In establishing that Brewster committed that crime, the State neither used nor needed evidence that he had also issued the terroristic threat.[24] Because in this case the terroristic threat conviction was supported by separate and distinct facts from those necessary for the attempted rape conviction, *71 the convictions did not merge.[25]
Judgment affirmed.
BLACKBURN, P.J., and ELLINGTON, J., concur.
NOTES
[1] Seidenfaden v. State, 249 Ga.App. 314, 318(3), 547 S.E.2d 578 (2001).
[2] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Seidenfaden, supra.
[3] Seidenfaden, supra.
[4] OCGA § 16-6-22.1(b); see Green v. State, 218 Ga.App. 648, 649(1), 463 S.E.2d 133 (1995).
[5] Gibbons v. State, 248 Ga. 858, 862, 286 S.E.2d 717 (1982); In the Interest of C.F., 255 Ga.App. 620, 622(2), 566 S.E.2d 387 (2002); Allen v. State, 243 Ga.App. 730, 731(1), 534 S.E.2d 190 (2000).
[6] See Gibbons, supra; In the Interest of C.F., supra; Allen, supra.
[7] Williams v. State, 236 Ga.App. 790, 792, 513 S.E.2d 757 (1999).
[8] Id.
[9] See Jackson, supra; Green, supra.
[10] OCGA § 16-6-2(a); see Clark v. State, 186 Ga.App. 882, 883, 369 S.E.2d 282 (1988).
[11] Blansit v. State, 248 Ga.App. 323, 324, 546 S.E.2d 81 (2001).
[12] (Citation and punctuation omitted.) Farmer v. State, 197 Ga.App. 267(1), 398 S.E.2d 235 (1990).
[13] Jackson, supra; see Blansit, supra at 323-325, 546 S.E.2d 81; Farmer, supra.
[14] OCGA § 16-7-1; see Clark, supra.
[15] Whitehill v. State, 247 Ga.App. 267, 269, 543 S.E.2d 470 (2000); Touchton v. State, 210 Ga. App. 700(1), 437 S.E.2d 370 (1993).
[16] See Division 1(d), infra.
[17] Jackson, supra; see Clark v. State, 249 Ga. App. 97, 98, 547 S.E.2d 734 (2001); Gilbert v. State, 176 Ga.App. 561, 562(1), 336 S.E.2d 828 (1985).
[18] Wittschen v. State, 259 Ga. 448(1), 383 S.E.2d 885 (1989); McGinnis v. State, 183 Ga.App. 17, 18(1), 358 S.E.2d 269 (1987); OCGA § 16-4-1.
[19] Jackson, supra; see Sweeney v. State, 233 Ga. App. 862-863(1), 506 S.E.2d 150 (1998); Helton v. State, 166 Ga.App. 662, 663(1), 305 S.E.2d 592 (1983); compare Williams v. State, 262 Ga. 732, 734(2), 426 S.E.2d 348 (1993); OCGA §§ 16-6-1(a)(1); 16-4-1.
[20] OCGA § 16-11-37(a).
[21] Jackson, supra; see Wayne v. State, 184 Ga. App. 160, 161(2)(b), 361 S.E.2d 39 (1987).
[22] Curtis v. State, 275 Ga. 576-578(1), 571 S.E.2d 376 (2002); OCGA § 16-1-7(a).
[23] (Citations and punctuation omitted.) Wofford v. State, 226 Ga.App. 487, 489(1), 486 S.E.2d 697 (1997); see Lemay v. State, 264 Ga. 263, 265(1), 443 S.E.2d 274 (1994).
[24] See Division 1(d).
[25] Curtis, supra at 580, 571 S.E.2d 376; Lemay, supra; Culver v. State, 230 Ga.App. 224, 230(5), 496 S.E.2d 292 (1998); Coaxum v. State, 146 Ga.App. 370, 371(3), 246 S.E.2d 403 (1978) (there was no merger where aggravated assault conviction was based on violent acts that were "gratuitous and unconnected" with the theft of the victim's money); compare Kinney v. State, 234 Ga.App. 5, 7-8(2), 505 S.E.2d 553 (1998) (aggravated battery conviction merged into robbery by force conviction where it was clear from the indictment and from the transcript that the offenses were based on identical acts of violence through which the defendant effected the taking of the victim's purse).